Filed 6/14/13  In re A.H. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re A.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>A.H.,<br><br>　　　Defendant and Appellant. | A137155<br><br>(San Francisco County<br>　Super. Ct. No. JW12-6244) |

　　　This is an appeal from a dispositional order in a juvenile matter after the juvenile court sustained findings that minor A.H. committed one felony count of second degree burglary and two felony counts of receiving or concealing stolen property.  Minor challenges this order on the ground that only one count of receiving stolen property should have been sustained because, although the stolen property belonged to two separate victims, it nonetheless constituted a single criminal transaction.  For reasons stated below, we agree with minor that the juvenile court erred in finding he committed two separate counts of receiving or concealing stolen property, and thus reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

　　　On October 17, 2012, a wardship petition was filed pursuant to Welfare and Institutions Code section 602, subdivision (a), alleging minor committed the following offenses:  (1) second degree burglary by the unlawful entering of a motor vehicle (Pen.

1

Code, § 459);[1] (2) willful and unlawful buying, selling, receiving, concealing, withholding and aiding in concealing, selling or withholding personal property belonging to Heather M. (§ 496, subd. (a)) (count two); (3) willful and unlawful buying, selling, receiving, concealing, withholding and aiding in concealing, selling or withholding personal property belonging to Alice J. (§ 496, subd. (a)) (count three); and unlawful possession of burglary tools (§ 466) (count four). On October 30, 2012, a contested jurisdictional hearing was held at which the following evidence was revealed.

On August 12, 2012, at about 8:30 p.m., the victims, Heather M. and Alice J., left Alice J.'s Subaru parked on Franklin Street in San Francisco to attend a nearby concert after carefully locking the doors and closing the windows. About fifteen minutes later, San Francisco Police Sergeant Matt Mason was driving an unmarked vehicle northbound on Franklin Street in plain clothes. Sergeant Mason saw minor and another individual, A.F., leaning against the rear portion of a vehicle, seemingly "too close to the vehicle" with minor looking up and down the street. Sergeant Mason thus circled the block and parked in a nearby alley to continue monitoring the situation.

Once there, Sergeant Mason could see A.F. looking into the back of the vehicle, which was a Subaru. Less than a minute later, minor walked toward the alley, looked directly at Sergeant Mason's vehicle and then appeared to alert A.F. to its presence. A.F. stopped peering inside the vehicle and Sergeant Mason drove northbound on Franklin Street, turning and parking on Hayes Street before exiting his vehicle. No more than a minute later, Sergeant Mason from about 50 to 100 feet away saw minor and A.F. walking southbound on Franklin Street, each carrying a bag. At no point prior to this time had Sergeant Mason seen either male in possession of a bag. As Sergeant Mason continued to follow the males, he walked past the Subaru and noticed its window was broken. Sergeant Mason thus alerted other police units to the possible burglary, describing the males and their direction of travel.

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

Minor and A.F. then turned left into Hickory Alley, at which point Sergeant Mason saw them begin to discard items from the bags they were carrying. Soon, other police units arrived and the males, now empty-handed, were taken into custody.

Sergeant Mason eventually returned to the Subaru and met with the victims, who returned to the vehicle at about 11:00 or 11:30 p.m. The victims confirmed they had left the vehicle locked with the windows rolled up. After following Sergeant Mason to Hickory Alley, they identified the discarded items as their belongings.

Following this contested hearing, the juvenile court found true the allegations in counts one through three, and granted the prosecutor's request to dismiss count four. In doing so, the juvenile court impliedly accepted the prosecutor's theory that minor was guilty of aiding and abetting one count of second degree burglary and two counts of possessing stolen property, with the latter counts consisting of one count for Heather M.'s bag and one count for Alice J.'s bag. The juvenile court also accepted defense counsel's argument that the three counts "merge together for purposes of Penal Code section 654" because they "all originated from the same act."[2]

On November 14, 2012, at the dispositional hearing, the juvenile court redeclared wardship and placed minor on in-home probation. The juvenile court also ordered minor to serve 90 days in juvenile hall pursuant to Welfare and Institutions Code section 707, subdivision (d)(5), and awarded him 30 days of presentence custody credit. Minor filed a timely notice of appeal on November 19, 2012.

## DISCUSSION

Minor raises a single issue on appeal. Minor contends the juvenile court erred by sustaining two counts pursuant to section 496, subdivision (a), receiving stolen property, because his and A.F.'s receipt or possession of both victims' stolen property constituted a

---

[2] Section 654 provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (§ 654, subd. (a).)

3

single offense.  In doing so, minor relies on *People v. Smith* (1945) 26 Cal.2d 854, 858 (*People v. Smith*), for the proposition that "the simultaneous reception of several articles of stolen goods constitutes but a single offense regardless of the fact that the articles so received may have been previously stolen from several different owners."[3]

The People respond that, aside from the holding of *People v. Smith*, the dispositional order should be affirmed because "[h]is acts of receiving stolen property and then concealing stolen property constitute two separate offenses."  Thus, the People reason, even if the juvenile court's order was based upon erroneous reasoning that minor could be found guilty of two violations of section 496, subdivision (a), based upon his taking possession of two separate victims' bags, affirmance is nonetheless required.  (See *People v. Zapien* (1993) 4 Cal.4th 929, 976 ["[i]f right upon any theory of the law applicable to the case, [a ruling or decision] must be sustained regardless of the considerations which may have moved the trial court to its conclusion"].)  Based upon our independent review of this purely legal issue (*People v. Hinks* (1997) 58 Cal.App.4th 1157, 1160), and for the reasons set forth below, we reject the People's argument.

The People are indeed correct that concealing stolen property and receiving stolen property are distinct and separate offenses.  Well-established California case law holds that "[c]oncealing stolen property is a distinct and separate offense from receiving stolen property precisely because receiving congeals and is completed upon taking possession with guilty knowledge, whereas concealing, by definition, continues."  (*Williams v. Superior Court* (1978) 81 Cal.App.3d 330, 343.  See also *People v. Grant* (2003) 113 Cal.App.4th 579, 594 ["receiving stolen property and concealing stolen property are separate offenses"].)  Moreover, "the acts of receiving, withholding and concealing stolen property as well as theft are consistently treated as separate and distinct criminal offenses *whether for the purpose of applying the statute of limitations, the rules of pleading, or the*

---

[3]    In *People v. Smith*, the California Supreme Court upheld only one count of receiving stolen property where the defendant received in one transaction three radios stolen by another individual from separate victims. (*People v. Smith, supra,* 26 Cal.2d at pp. 855, 859.)

*determination of an accomplice.*" (*People v. Boyce* (1980) 110 Cal.App.3d 726, 734 [italics added].)

However, the fact that receiving stolen property and concealing stolen property are separate offenses for the above-identified purposes does not speak to the issue raised in this case – to wit, whether minor can be found to have committed both the offense of receiving stolen property and the offense of concealing stolen property, where the stolen property is the same (albeit from two separate victims), and the alleged criminal acts with respect to the stolen property are committed during the course of one continuous criminal event. As to this issue, we must consider equally well-established principles governing dual convictions.

Under California law, a single act or course of conduct by a defendant can lead to convictions for any number of charged offenses. However, a judicially created exception to this rule prohibits multiple convictions based on so-called "necessarily included offenses." (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034.) As the California Supreme Court has explained, "multiple convictions may *not* be based on necessarily included offenses. [Citation.] '[T]he test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' " (*People v. Ortega* (1998) 19 Cal.4th 686, 692 [holding that, because theft is a necessarily included offense of robbery, defendants' dual conviction for robbery and theft based upon the same conduct was improper].) "In deciding whether an offense is necessarily included in another, we apply the elements test, asking 'whether all the legal ingredients of the corpus delicti of the lesser offense are included in the elements of the greater offense.' " (*People v. Montoya, supra,* 33 Cal.4th at p. 1034.)

Thus, for example, the California Supreme Court has determined that dual convictions for theft and receiving stolen property are barred, and yet dual convictions for burglary and receiving stolen property are permissible, reasoning that, while as a matter of logic a defendant cannot receive the same property he or she stole in the first place, a

5

defendant who commits burglary does not necessarily commit theft.[4]  (See *People v. Allen* (1999) 21 Cal.4th 846, 866; *People v. Jaramillo* (1976) 16 Cal.3d 752, 757.)

Applying this reasoning here, we thus must examine the two offenses sustained against minor to identify the elements of each and determine whether one offense is necessarily included in the other.  The first of these steps is straightforward.  As a general matter, with respect to *both* the offense of receiving stolen property and the offense of concealing stolen property, the prosecution must prove these elements:  (1) the property was stolen; (2) the defendant knew the property was stolen; and (3) the defendant had possession of the stolen property.  (*People v. Land* (1994) 30 Cal.App.4th 220, 223; *Williams v. Superior Court, supra,* 81 Cal.App.3d at pp. 343-344; see also *People v. Barnes* (1962) 210 Cal.App.2d 740, 746.)  The only difference in proving these elements for each of the two offenses pertains to the quality of the defendant's possession.  While the receiving offense is complete upon the defendant's taking possession of stolen property, the concealing offense extends beyond taking possession to the act of intentionally secreting the property in violation of the taker's affirmative duty to return it or to at least disclose its whereabouts to the rightful owner.  (*Williams v. Superior Court, supra,* 81 Cal.App.3d at pp. 343-344 ["Concealing stolen property is a distinct and separate offense from receiving stolen property precisely because receiving congeals and is completed upon taking possession with guilty knowledge, whereas concealing, by definition, continues"].)  Given these predominant commonalities, we conclude the elements test referred to above has indeed been met under the circumstances of this case: to wit, "all the legal ingredients of the corpus delicti of the lesser offense are included in the elements of the greater offense." (*People v. Montoya, supra,* 33 Cal.4th at p. 1034.)  Or, alternatively stated, the receiving offense, which is complete upon the defendant's

---

[4]  In 1992, the Legislature amended section 496 by adding the following two sentences:  "A principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property."  (Stats. 1992, ch. 1146, § 1, p. 5374; see also *People v. Allen*, *supra*, 21 Cal.4th at pp. 857-858 [one who steals property may be convicted of receiving the same property "provided he has not actually been convicted of the theft"].)

6

taking possession of the stolen property, is necessarily included in the concealing offense under the same provision, which extends to any act of concealment by the defendant after taking possession. (*People v. Ortega, supra,* 19 Cal.4th at p. 692.)

To illustrate we return to the record at hand, which makes clear both of minor's section 496 offenses stemmed from his unlawful possession of Heather M.'s and Alice J.'s property. Indeed, the wardship petition draws no distinction between the two charged offenses. Nonetheless, the People would have us parse minor's initial taking of possession of this stolen property from Alice's Subaru from his later concealment of the property by discarding it in a darkened alley. We decline this request. As both the wardship petition and the evidence reflect, minor's acts of receiving and concealing stolen property involved one uninterrupted course of conduct for purposes of section 496, subdivision (a), such that his initial act of misappropriation must be deemed necessarily included in his subsequent act of concealment. (*People v. Moses* (1990) 217 Cal.App.3d 1245, 1257 [where defendants' acts "formed a single, undivorced course of concealment," defendants "cannot be liable for concealing the property they misappropriated, since the acts of concealment were part and parcel of the acts of misappropriation itself"].) This conclusion makes sense. As a matter of logic, a person who receives stolen property from a thief necessarily withholds or conceals it, however briefly, before disposing of it – whether by sale or resale, by personal consumption, or by throwing it away. At the same time, no person can conceal or withhold stolen property until after he or she has received it from the thief.[5]

---

[5] The legislative intent underlying section 496 is consistent with our conclusions. Section 496, subdivision (a), "is directed at those [defendants]who knowingly deal with thieves and with their stolen goods after the theft has been committed[] . . . in order to provide the thieves with a . . . depository for their loot." These defendants thus aid or facilitate the thief in consummating his or her crime, whether by receiving the property or by continuing to conceal it. (*People v. Tatum* (1962) 209 Cal.App.2d 179, 183, abrogated by statute on another ground as stated in *People v. Hinks* (1997) 58 Cal.App.4th 1157, 1165.) In more practical terms, these defendants, often referred to as "fences," typically acquire the stolen property for purposes of resale. "[The fence's] personal obligation to return the property to its rightful owner terminates upon his divesting himself of

7

While there may be circumstances where a total divorcement occurs between the initial act of receiving stolen property and the subsequent act of concealing the property such that a defendant's course of conduct cannot be deemed continuous and indivisible for purposes of triggering the dual conviction bar, there are no such circumstances in this case. A recent California Supreme Court case, *People v. Garza* (2005) 35 Cal.4th 866, is instructive. There, the court held a defendant could be convicted of two offenses involving, as here, misappropriation of property – to wit, receiving a car as stolen property under section 496, subdivision (a), and taking a car with intent to permanently deprive the owner of possession under Vehicle Code section 10851, subdivision (a) – *only if* the latter offense was based on the defendant's post-theft driving, i.e., driving the stolen car after the car's theft was complete. (*People v. Garza, supra,* 35 Cal.4th at pp. 876, 880-881.) In drawing this distinction, the court pointed to language in California case law suggesting that a theft, or taking of another's property, is complete when the taker's actions are no longer part of a " 'continuous journey away from the *locus* of the theft,' ([*People v. Strong* (1994) 30 Cal.App.4th 366,] 375)," or "when the taker reaches a place of temporary safety. (Cf. *People v. Barnett* (1998) 17 Cal.4th 1044, 1153 [74 Cal.Rptr.2d 121, 954 P.2d 384] [discussing duration of crime of robbery].)" (*People v. Garza, supra,* 35 Cal.4th at p. 880.) Applying this reasoning here, we simply cannot conclude on these facts that the taker's (to wit, minor's) actions in concealing the victims' property by discarding it in the alley were no longer part of his continuous journey away from Alice J.'s Subaru (to wit, the locus of the theft), much less that minor

possession. But as to one who receives stolen property for his own personal use, the duty to return it continues. . . . [As such,] . . . one of the purposes of including both receiving and concealing in Penal Code section 496 is to enable prosecution for the continuing purposeful concealment of stolen property where prosecution for the receipt of that property is barred by the statute of limitations." (*Williams v. Superior Court* (1978) 81 Cal.App.3d at p. 344.) Thus, as this analysis reflects, the two crimes are nearly identical but for the ongoing nature of the concealment crime. (See also *People v. Tatum, supra,* 209 Cal.App.2d at p. 183 ["[e]very theft, every wrongful misappropriation, of necessity, contemplates and involves a permanent withholding from the owner. To conceal and withhold is the thief's purpose from the very moment that he gains possession of the property. It is part and parcel of the theft"].)

8

had yet reached a place of temporary safety. To the contrary, he and A.F. were still being following by Sergeant Mason, with whom A.F. appeared to have made eye contact just before their retreat from the Subaru towards the alley where they discarded the stolen property while en-route to an unknown destination. As such, the criminal acts of minor and his accomplice formed a single, undivorced course of conduct for purposes of section 496. (Cf. *People v. Garza, supra,* 35 Cal.4th at p. 879 ["To establish a divorcement between the acts of theft and receiving (or concealing or withholding), there must be a significant break in the defendant's possession and control over the stolen property"].) Accordingly, the juvenile court's dispositional order sustaining findings that minor committed two separate offenses pursuant to section 496, subdivision (a), was erroneous and must be reversed.

## DISPOSITION

The dispositional order is reversed and the matter remanded to the juvenile court for further consideration in light of this court's conclusions reached herein.

_____
Jenkins, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.

9