[No. S111662. Aug. 9, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
RICARDO MONTOYA, Defendant and Appellant.

COUNSEL

Athena Shudde, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Leahann Alcazar, Brian G. Smiley, Robert P. Whitlock and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KENNARD, J.— ■ California law prohibits convicting a defendant of two offenses arising from a single criminal act when one is a lesser offense necessarily included in the other. Here, the Court of Appeal held that unlawful taking of a vehicle (Veh. Code, § 10851) is *not* a lesser included offense of carjacking (Pen. Code, § 215)[1] and affirmed defendant's convictions of both offenses. We agree.

I

Responding to a newspaper advertisement, defendant came to Amanda Locke's home in Kern County to see a car she was selling, a 1994 Jeep. After inspecting the car, defendant asked Locke to take him for a ride. About one-half mile from Locke's house, defendant asked her to pull over so he could drive. Locke complied. Defendant got in the driver's seat, but as Locke was entering the passenger side, defendant pulled a gun, ordered her out of the car, and drove off. Locke telephoned police from a nearby house. Bakersfield police officers pursued defendant in a high-speed chase into Los Angeles County, where they arrested him.

A jury convicted defendant of carjacking (§ 215), unlawful taking of a vehicle (Veh. Code, § 10851), and reckless flight from pursuing peace officers

---

[1] Further undesignated statutory references are to the Penal Code.

(Veh. Code, § 2800.2), and it found true a prior prison term allegation (§ 667.5, subd. (b)). For the conviction of unlawfully taking a vehicle, the trial court stayed a four-year prison sentence (§ 654). On the other counts, the court sentenced defendant to a state prison term of 10 years eight months.

## II

In California, a single act or course of conduct by a defendant can lead to convictions "of *any number* of the offenses charged." (§ 954, italics added; *People v. Ortega* (1998) 19 Cal.4th 686, 692 [80 Cal.Rptr.2d 489, 968 P.2d 48].) But a judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses. (*People v. Ortega, supra,* at p. 692; *People v. Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].)

In deciding whether an offense is necessarily included in another, we apply the elements test, asking whether " ' "all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense." [Citation.]' " (*People v. Lopez* (1998) 19 Cal.4th 282, 288 [79 Cal.Rptr.2d 195, 965 P.2d 713].) In other words, "if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former." (*Ibid.*)

Here, the greater offense, that is, the offense with the most elements, is carjacking. The lesser offense, which is the one with the fewest elements, is unlawfully taking a vehicle.[2]

" 'Carjacking' is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear." (§ 215, subd. (a).) Unlawful taking of a vehicle, by contrast, is committed when a person "drives or takes a vehicle not his or her own, without the consent of the owner . . . and with intent either to permanently or temporarily deprive the owner . . . of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle." (Veh. Code, § 10851, subd. (a).)

---

[2] The offense of unlawfully taking a vehicle, defined in Vehicle Code section 10851, subdivision (a), is sometimes called "vehicle theft." Because the crime requires only the driving of a vehicle (not necessarily a taking) and an intent only to temporarily deprive the owner of the vehicle, it is technically not a "theft." (See § 484; CALJIC No. 14.02.)

■ The Court of Appeal here concluded that the unlawful taking of a vehicle was *not* a lesser included offense of carjacking. It explained: "Carjacking is a crime against the possessor or passengers in a vehicle. [Unlawful taking of a vehicle] is a crime against ownership." We agree. Applying the elements test to the two offenses here, the crime of unlawfully taking a vehicle is not a lesser included offense of carjacking because a person can commit a carjacking without necessarily committing an unlawful taking of a vehicle.

The following example illustrates that point: Joe knows that his neighbor Mary's car has been stolen and that she is offering a reward for its return. If Joe spots an unfamiliar person driving Mary's car and orders that person out at gunpoint and then drives off, intending to return the car to Mary and secure the reward, he would be guilty of carjacking but not of an unlawful taking of a vehicle. Although Joe had the intent to deprive the *driver* of possession, as required for carjacking (§ 215), he lacked the intent to deprive the *owner* of title or possession, as required for unlawful taking of a vehicle (Veh. Code, § 10851).[3]

■ Defendant argues that even if the elements test for lesser included offenses is not met with respect to the two offenses here, the crime of unlawfully taking a vehicle does constitute a lesser included offense of the crime of carjacking under the "accusatory pleading" test. That test looks to whether " ' "the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified [some] lesser offense is necessarily committed."[citation.]' "(*People v. Lopez, supra,* 19 Cal.4th at pp. 288–289.) Generally, courts use that test to determine whether to instruct a jury on an uncharged lesser offense. (See *People v. Birks* (1998) 19 Cal.4th 108, 117 [77 Cal.Rptr.2d 848, 960 P.2d 1073]; *People v. Lohbauer* (1981) 29 Cal.3d 364, 368–369 [173 Cal.Rptr. 453, 627 P.2d 183]; *People v. Marshall* (1957) 48 Cal.2d 394, 405–407 [309 P.2d 456].) Some Court of Appeal decisions have concluded that the accusatory pleading test, which "protects the defendant's due process right to adequate notice before being convicted of a lesser offense *instead* of the charged offense [therefore] does not apply to considerations of whether multiple convictions are proper." (*People v. Miranda* (1994) 21 Cal.App.4th 1464, 1467 [26 Cal.Rptr.2d 610]; accord, *People v. Scheidt* (1991) 231 Cal.App.3d 162, 165–171 [282 Cal.Rptr. 228]; *People v. Watterson* (1991) 234 Cal.App.3d 942, 947, fn. 15 [286 Cal.Rptr. 13].) We need not decide here

---

[3] Because this hypothetical is sufficient to dispose of defendant's contention that the crime of unlawfully taking a vehicle is a lesser included offense of carjacking under the elements test, we need not consider the applicability of the claim of right defense to the carjacking statute. (See *People v. Tufunga* (1999) 21 Cal.4th 935 [90 Cal.Rptr.2d 143, 987 P.2d 168] [holding that in the robbery statute, "felonious taking" incorporated the "claim of right" defense].)

whether these decisions are correct because applying the accusatory pleading test in this case does not assist defendant.

Consistent with the primary function of the accusatory pleading test—to determine whether a defendant is entitled to instruction on a lesser uncharged offense—we consider *only* the pleading for the greater offense.[4] The greater offense here is carjacking, which alleged in count I: "On or about May 11, 2001, Richard Montoya, did willfully and unlawfully take a motor vehicle *in the possession of another* or from the person or immediate presence of a passenger of the vehicle; namely a 1994 Jeep vehicle belonging to Amanda Locke, against their [*sic*] will, by means of force or fear with the intent to permanently or temporarily deprive the person in possession of the motor vehicle, in violation of Penal Code section 215(a), a felony." (Italics added.) Although the accusatory pleading identifies Amanda Locke as the Jeep's owner, it does not say whether Locke or someone else had possession of the Jeep when it was unlawfully taken, and it does not mention that the taking was without Locke's (the owner's) consent, saying only that it was "against the[] will" of the unnamed person in possession. Thus the pleading for the greater offense of carjacking in this case does not also include the requisite allegations for the lesser offense of unlawfully taking a vehicle, which requires proof that the taking of a vehicle was without its owner's consent.[5]

## DISPOSITION

We affirm the judgment of the Court of Appeal.

George, C. J., Baxter, J., Chin, J., Brown, J., and Moreno, J., concurred.

**WERDEGAR, J.,** Concurring.—I agree with the majority's conclusion and with its analysis as far as it goes. I write separately to address what the majority declines to address: defendant's potentially dispositive argument based on *People v. Tufunga* (1999) 21 Cal.4th 935 [90 Cal.Rptr.2d 143, 987 P.2d 168] (*Tufunga*), made in support of his claim that an unlawful taking of a vehicle (Veh. Code, § 10851) is a lesser included offense of carjacking (Pen. Code, § 215).

In *Tufunga*, we held that under Penal Code section 211 (the robbery statute), a claim of right continues, as at common law, to constitute a defense

---

[4] We disapprove *People v. Rush* (1993) 16 Cal.App.4th 20 [20 Cal.Rptr.2d 15] to the extent it held otherwise.

[5] Nothing before us suggests that the prosecutor deliberately omitted information from the allegations for carjacking so as to avoid including the facts necessary for the unlawful taking of a vehicle and to thereby subject defendant to conviction for both offenses.

to robbery. (*Tufunga, supra,* 21 Cal.4th at p. 950.) In reaching that conclusion, we observed that, at common law, a claim of right was recognized as a defense to both larceny and robbery: to larceny because a claim of right was deemed to negate the felonious-intent-to-steal element of the offense, and to robbery because that offense was viewed as simply an aggravated form of larceny. (*Id.* at p. 945.) Construing the plain language of the theft and robbery statutes, we concluded that "by adopting the identical phrase 'felonious taking' as used in the common law with regard to both offenses, the Legislature in all likelihood intended to incorporate the same meanings attached to those phrases at common law." (*Id.* at p. 946.)

Here, the carjacking statute, like the robbery statute, by its terms applies to the "felonious taking" of a vehicle by force or fear. (Pen. Code, § 215, subd. (a).) Defendant's argument is that, pursuant to the reasoning in *Tufunga, supra,* 21 Cal.4th 935, "felonious taking" in the carjacking statute presumably means the same as in the robbery statute. (See *People v. Lopez* (2003) 31 Cal.4th 1051, 1060–1061 [6 Cal.Rptr.3d 432, 79 P.3d 548] ["Because the 'felonious taking' in the crime of robbery has an established meaning at common law and the same 'taking' language appears in the carjacking, robbery, and unlawful taking or driving of a vehicle statutes, we presume that the Legislature intended the same meaning, unless a contrary intent clearly appears"]; see also *People v. Lopez* (1891) 90 Cal. 569, 571 [27 P. 427] ["feloniously" when not otherwise defined is construed to have its common law meaning].) Accordingly, "the felonious taking or *animus furandi* element common to theft and robbery" (*Tufunga, supra,* at p. 946) is an element of carjacking. That element is the "[i]ntent to steal, or feloniously to deprive the owner permanently of his property." (Black's Law Dict. (5th ed. 1979) p. 81; see also *People v. Avery* (2002) 27 Cal.4th 49, 57–58 [115 Cal.Rptr.2d 403, 38 P.3d 1] [intent to deprive temporarily "but for an unreasonable time" satisfies intent to deprive permanently].) Since such a felonious taking is also an element of unlawful vehicle theft or taking (Veh. Code, § 10851, subd. (a) [requiring "intent either to permanently or temporarily deprive the owner"]), one cannot commit a carjacking, defendant argues, without committing an unlawful vehicle taking; hence, the latter is a lesser included offense of the former.

Obviously, if defendant is right, the majority is wrong. To render defendant's argument in terms of the hypothetical presented by the majority: "If Joe spots an unfamiliar person driving Mary's car and orders that person out at gunpoint and then drives off, intending to return the car to Mary" (maj. opn., *ante,* at p. 1035), he would *not,* according to defendant and contrary to the majority, be guilty of carjacking because, intending to return the car to its owner, he lacks the "*animus furandi*—or felonious intent to steal" (*Tufunga, supra,* 21 Cal.4th at p. 945) that is an element of the offense. Therefore, if defendant is correct, the hypothetical would *not* illustrate that one can commit

a carjacking without necessarily committing an unlawful taking of a vehicle. (See maj. opn., *ante*, at p. 1035.) Yet the hypothetical is all the majority offers in support of its reasoning that "the crime of unlawfully taking a vehicle is not a lesser included offense of carjacking because a person can commit a carjacking without necessarily committing an unlawful taking of a vehicle." (*Ibid.*)

Although I do not believe defendant is right, his argument deserves to be addressed. Understanding its flaw requires us to distinguish *Tufunga*. In *Tufunga*, as discussed, we held that in adopting the phrase "felonious taking" in the robbery and theft statutes, the Legislature intended to incorporate into those statutes the common law meaning of the phrase. (*Tufunga*, *supra*, 21 Cal.4th at p. 946.) To extend that holding so as to govern carjacking, also defined as a "felonious taking," would run contrary to the legislative intent underlying the enactment of the carjacking statute. The plain language of that statute, wherein the word "possession" is thrice repeated, makes that intent evident. Carjacking is defined as the taking of a vehicle from "the possession of another" with the intent to deprive the person "in possession" of his or her "possession" (Pen. Code, § 215, subd. (a)). To require for a carjacking conviction, as defendant would have it, that the defendant have intended to deprive the vehicle *owner* of the vehicle or its value, based on the statute's introductory "felonious taking" phraseology, would contravene the Legislature's evident intent to create, as the Court of Appeal recognized, "a crime against the possessor or passengers in a vehicle," not a crime against ownership. Contrary to our reasoning about the robbery statute in *Tufunga*, the Legislature in referring to carjacking as a "felonious taking" apparently did *not* intend that phrase to carry the same meaning it had at common law.

This conclusion is consistent with the historic fact that the carjacking statute, enacted in 1993 (Stats. 1993, ch. 611, § 6, p. 3508), responds to a relatively modern, urban problem, whereas the robbery statute (Pen. Code, § 211) was enacted in the mid-19th century. (See *Tufunga*, *supra*, 21 Cal.4th at p. 946.) That the statutes are of such disparate origin further supports the conclusion that in the carjacking statute, unlike the robbery statute in *Tufunga*, the Legislature did not intend simply to incorporate the narrow common law understanding of "felonious taking."

Although I admire appropriate brevity in judicial opinions, I believe defendant's key arguments need to be addressed. Moreover, the majority's omission, if unremarked, could lead to unnecessary confusion among litigants and trial courts who must grapple with carjacking cases.

**CHIN, J.,** Concurring.—I agree with the majority that we need not decide whether the so-called accusatory pleading test applies here, because even that

test does not aid defendant. (Maj. opn., *ante*, at pp. 1035–1036.) I write separately only to emphasize the force of the argument against applying the accusatory pleading test in deciding whether conviction of two *charged* offenses is proper.

The accusatory pleading test has been used to determine whether a defendant received notice of the charges so as to permit conviction of an *uncharged* lesser offense. (E.g., *People v. Lopez* (1998) 19 Cal.4th 282, 288–289, 293 [79 Cal.Rptr.2d 195, 965 P.2d 713], and cases cited.) We have questioned, without deciding, whether the accusatory pleading test should apply "in other situations." (*People v. Pearson* (1986) 42 Cal.3d 351, 356, fn. 2 [228 Cal.Rptr. 509, 721 P.2d 595].) Courts of Appeal have refused to apply that test in deciding whether multiple conviction of charged offenses is appropriate. (*People v. Miranda* (1994) 21 Cal.App.4th 1464, 1467 [26 Cal.Rptr.2d 610]; *People v. Watterson* (1991) 234 Cal.App.3d 942, 947, fn. 15 [286 Cal.Rptr. 13]; *People v. Scheidt* (1991) 231 Cal.App.3d 162, 165–171 [282 Cal.Rptr. 228].)

Because a defendant is entitled to notice of the charges, it makes sense to look to the accusatory pleading (as well as the elements of the crimes) in deciding whether a defendant had adequate notice of an uncharged lesser offense so as to permit conviction of that uncharged offense. "As to a lesser included offense, the required notice is given when the specific language of the accusatory pleading adequately warns the defendant that the People will seek to prove the elements of the lesser offense." (*People v. Lohbauer* (1981) 29 Cal.3d 364, 368–369 [173 Cal.Rptr. 453, 627 P.2d 183].) But it makes no sense to look to the pleading, rather than just the legal elements, in deciding whether conviction of two charged offenses is proper. Concerns about notice are irrelevant when both offenses are separately charged, so there "appears little reason" to apply the pleading test to charged offenses. (*People v. Pearson, supra*, 42 Cal.3d at p. 356, fn. 2.)

Baxter, J., concurred.