[No. A106034. First Dist., Div. One. July 21, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC DOUGLAS CHANEY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Under California Rules of Court, rules 976(b) and 976.1, only the two introductory paragraphs, part II of the analysis section, and the conclusion are certified for publication.

COUNSEL

L. Richard Braucher, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Violet M. Lee and John R. Vance, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STEIN, Acting P. J.**—Eric Douglas Chaney (defendant) appeals following his felony conviction of making a criminal threat in a telephone call to Detective Mark Pollio (Pen. Code, § 422),[1] and two misdemeanors involving driving under the influence of alcohol (Veh. Code, § 23152, subds. (a) & (b)). The court suspended imposition of sentence and placed defendant on probation for five years.

Defendant contends that his conviction for violating section 422 must be reversed because (1) the evidence was insufficient to establish that he made a criminal threat; and (2) the court erred by not, sua sponte, instructing on a violation of section 71 as a lesser included offense. He also contends that the court erred by imposing a $20 court security fee pursuant to section 1465.8, because he committed his offenses prior to the date section 1465.8 became effective. We shall affirm the judgment.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

ANALYSIS

**I.**

**Violation of Section 422***

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All subsequent statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante*, page 253.

## II.

### Failure to Instruct on Section 71 as a Lesser Included Offense

Defendant contends that the court erred by failing to instruct, sua sponte, on the offense of threatening a public officer (§ 71) as a lesser included offense of the charged offense of making a criminal threat in violation of section 422.[5]

■ "The definition of a lesser necessarily included offense is technical and relatively clear. Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citations.]" (*People v. Birks* (1998) 19 Cal.4th 108, 117–118 [77 Cal.Rptr.2d 848, 960 P.2d 1073]; see *People v. Sanchez* (2001) 24 Cal.4th 983, 988 [103 Cal.Rptr.2d 698, 16 P.3d 118].) This determination is made in the abstract, according to the statutory elements test or the accusatory pleading test. The evidence introduced at trial is irrelevant to this determination. (*People v. Wright* (1996) 52 Cal.App.4th 203, 208 [59 Cal.Rptr.2d 316].) A threat in violation of section 71 is not necessarily included within the offense of violating section 422 under either test.

■ The statutory elements of a violation of section 71 are: " ' "(1) A threat to inflict an unlawful injury upon any person or property; (2) direct

---

[5] After an in-chambers discussion on instructions on lesser included offenses, the court obtained defense counsel's assent that he was "affirmatively . . . requesting that I do not instruct on lessers." "When a defense attorney makes a 'conscious, deliberate tactical choice' to forego a particular instruction, the invited error doctrine bars an argument on appeal that the instruction was omitted in error." (*People v. Wader* (1993) 5 Cal.4th 610, 657–658 [20 Cal.Rptr.2d 788, 854 P.2d 80]); see also *People v. Barton* (1995) 12 Cal.4th 186, 195, 198 [47 Cal.Rptr.2d 569, 906 P.2d 531] [doctrine of invited error bars review of asserted instructional error on appeal even though court has sua sponte duty to instruct on lesser included offense over defendant's objection].) A decision to request no instructions on lesser included offenses would be a reasonable tactical decision consistent with the defense that defendant did not commit any crime at all, but only exercised his First Amendment right to warn Detective Pollio that defendant would be vigilant against police misconduct, and use all legal means to prevent it. (*People v. Hardy* (1992) 2 Cal.4th 86, 184 [5 Cal.Rptr.2d 796, 825 P.2d 781].) The record, however, is equivocal as to whether counsel made a tactical decision to request no instruction on any lesser included offenses, or simply failed to identify any lesser included offenses, and specifically to consider whether section 71 might be applicable. Defense counsel qualified his request that the court not instruct on any lesser included offense by stating that he only considered and rejected instructions on attempt, and the "lesser of annoying phone call misdemeanors." We need not decide whether the doctrine of invited error applies because we shall hold that section 71 was not a lesser included offense.

communication of the threat to a public officer or employee; (3) the intent to influence the performance of the officer or employee's official duties; and (4) the apparent ability to carry out the threat." ' " (*In re Ernesto H.* (2005) 125 Cal.App.4th 298, 308 [24 Cal.Rptr.3d 561]; see also *People v. Hopkins* (1983) 149 Cal.App.3d 36, 40–41 [196 Cal.Rptr. 609].) "The purpose of the statute is to prevent threatening communications to public officers or employees designed to extort their action or inaction." (*In re Ernesto H., supra*, at p. 308, citing *People v. Zendejas* (1987) 196 Cal.App.3d 367, 376 [241 Cal.Rptr. 715].) ▮ Under the statutory elements test, section 71 is not a lesser included offense of section 422, because a section 422 violation may be committed against *any person*, and does not require the specific intent to influence the performance of the public officer's duty, but rather only the intent that the statement be "taken as a threat, even if there is no intent of actually carrying it out." (*People v. Toledo* (2001) 26 Cal.4th 221, 227 [109 Cal.Rptr.2d 315, 26 P.3d 1051].) Therefore, a violation of section 422 can be committed without violating section 71, and section 71 is not a necessarily included lesser offense.

▮ Under the accusatory pleading test the court looks to whether " ' " 'the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified [some] lesser offense is necessarily committed.' " ' " (*People v. Montoya* (2004) 33 Cal.4th 1031, 1035 [16 Cal.Rptr.3d 902, 94 P.3d 1098].) "Consistent with the primary function of the accusatory pleading test—to determine whether a defendant is entitled to instruction on a lesser uncharged offense—we consider *only* the pleading for the greater offense." (*Id.* at p. 1036.) Defendant correctly contends that, because the information alleged that defendant did "willfully and unlawfully threaten to commit a crime resulting in death or great bodily injury to *Det.* Mark Pollio with the specific intent that the statement be taken as a threat," the pleading of the 422 violation encompassed the first two elements of section 71, i.e., a threat to a *public officer to inflict unlawful injury upon a person.* The fourth element of a section 71 violation, i.e., the apparent ability to carry out the threat, is also arguably encompassed by the specific factual pleading that "Det. Mark Pollio was reasonably in sustained fear of [his] safety or the safety of [his] immediate family."

Nonetheless, the third element of section 71, i.e., the specific intent to influence the performance of Detective Pollio's duties, by causing or attempting to cause him "to do, or refrain from doing, any act in the performance of his duties," is not encompassed by the allegations of the accusatory pleading. (§ 71.) In support of his contention that it is, defendant relies upon *In re Marcus T.* (2001) 89 Cal.App.4th 468 [107 Cal.Rptr.2d 451] (*Marcus T.*). We, however, cannot agree with *Marcus T.*, to the extent that it reasoned that merely because the pleading describes the victim as a public officer, the

language alleging the specific intent that "the statement . . . be taken as a threat," as required by section 422, necessarily encompasses the intent to "cause and attempt to cause [the victim] to do, and refrain from doing, an act in the performance of duty." (*Marcus T., supra*, at p. 473.) The court in *Marcus T.* reasoned that the "essence of a threat is a 'declaration of hostile determination or of loss, pain, punishment, or damage to be inflicted in retribution for or conditionally upon some course.' . . . Thus, the intent alleged to violate section 422 directed as it was in this case toward a public officer, encompassed the intent alleged to violate section 71." (*Ibid.*) It does not, however, follow from the mere fact that the alleged threat is directed at a public officer, in this case, "Det. Pollio," and was made "with the specific intent that the statement be taken as a threat," that defendant also had the specific intent required under section 71. A threat, even when directed to a person who is a public officer, may be made in "retribution for," or "conditionally upon some act" committed in his or her personal life unrelated to the performance of any of his or her duties and without any intent to influence performance of those duties. During a bitter divorce, for example, a person could threaten a spouse, who also happens to be a police officer, with serious bodily injury in retribution for, or conditionally upon relinquishing, a claim to sole custody of the children. Nothing in the language of the accusatory pleading refers to the content of the threat, or the circumstances in which the threat was uttered, which would support the conclusion that as alleged in the accusatory pleading, defendant could not have committed the section 422 violation without also committing the section 71 violation. For the purpose of determining whether section 71 was a lesser included offense, it also is irrelevant whether the evidence at trial would have supported this element.[6]

---

[6] We also note that in *Marcus T., supra*, 89 Cal.App.4th 468, the court was not addressing the question whether the trial court had a sua sponte duty to instruct on section 71 as a lesser included offense of a section 422 violation. The juvenile in that case had been charged with, and was found to have violated, both sections 71 and 422, based upon the same act of threatening a school police officer. On appeal, the minor argued the finding of the section 422 violation should be reversed because the two crimes were based on the same act, and the section 422 violation was a lesser included offense of section 71. (See *People v. Sanchez, supra,* 24 Cal.4th at p. 987 [where conviction of two crimes is based upon the same act, and one offense is a lesser included of the former, only the conviction of the greater should stand].) The *Marcus T.* court rejected this argument, but did hold that on the facts *as proven at trial* the section 71 violation was a lesser and necessarily included crime of the threat against a public officer under section 422. It therefore remanded the matter to allow the juvenile court to exercise its discretion to strike the finding that appellant violated Penal Code section 71. Although not a dispositive factor in the court's analysis, the *Marcus T.* court also faced the unusual circumstance that the trial court itself had indicated that it desired to exercise its discretion to treat the two felonies as one, and wanted to amend the complaint to conform to proof. The trial court said it would have "welcomed a suggestion as to how to accomplish this end." (*Marcus T.* at p. 474.)

## III.

## Penal Code Section 1465.8 Fee[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CONCLUSION

The judgment is affirmed.

Swager, J., and Margulies, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 26, 2005. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.

---

[*]See footnote, *ante*, page 253.