Filed 8/31/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ARTURO MACIAS,<br><br>        Defendant and Appellant. | A151198<br><br>(Solano County<br>Super. Ct. No. FCR313595) |

A jury found defendant guilty of using a minor for purposes of posing for sexual conduct. Defendant claims the trial court prejudicially erred by failing to instruct the jury sua sponte on the lesser uncharged offense of unauthorized invasion of privacy. We conclude the trial court had no duty to instruct on unauthorized invasion of privacy because it is not a lesser included offense of using a minor for purposes of posing for sexual conduct under the elements test or the accusatory pleading test. We, therefore, affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Raquel C. and defendant began living together in October 2012. They had two children together, and Raquel had three other minor children of her own, one of them being L., age 13. Four of the children lived in the household, and Raquel was pregnant with the fifth.

In March 2015, defendant moved out of the home. When defendant decided he was not going to move back into the household, on March 19, 2015, Raquel went through the house gathering defendant's belongings. While searching the shelving near defendant's storage area, Raquel found a box containing a "Nabi Jr." children's tablet computer which was one of two tablets she and defendant had previously purchased as

Christmas gifts for their younger children. The tablet had gone missing in January 2015, and Raquel assumed her four-year-old daughter had lost it. After discovering it, she returned the tablet to her daughter.

Raquel then left to go shopping. Approximately an hour later, Raquel received a call from her daughter, L. Because L. was so hysterical, Raquel could not understand her. Raquel's sister took the phone from L. and explained there were some videos found on the tablet of L. "exposed." When Raquel arrived home, she discovered L. had locked herself in the bathroom.

That night at 8:00 p.m. while in her home, Raquel spoke with Officer Roger Canady of the Vacaville Police Department. When he arrived, Raquel was upset and frantic. She handed him two Nabi Jr. tablets, one at the beginning of the conversation and one towards the end. One of the tablets was "missing the orange gel case and also the camera housing [was] broken off it and the camera lens attached by the wires [was] dangling out of the spot where the original camera housing was." Around the "camera housing," Canady observed "pry marks surrounding the bulk of it" indicating it had been "pried apart using some kind of tool and the housing was actually removed rather than simply being broken." On the back of the same tablet, Canady noted some Velcro, which was not part of the original design, had been added. Canady and Raquel watched parts of both videos on the tablet including "most of the beginning."

The first video was taken in a bathroom in Raquel's residence. In it, defendant took approximately 52 seconds setting up the camera. Approximately 26 seconds after he left the bathroom, L. entered and took a shower. L. was in the bathroom for 27 minutes. Once she left the bathroom, two minutes later, defendant reentered the bathroom and retrieved the tablet. While watching this video, Canady observed L.'s "full backside including her buttocks," which were "fully exposed." And during this portion of the video, there were times when Canady could see L.'s "entire front area, including her breasts exposed" and her vaginal area.

The second video was also filmed in the bathroom. Defendant set up the camera, left the bathroom, and L. entered the bathroom 27 seconds later. Seventeen seconds after

2

L. left the bathroom, defendant reentered the bathroom, stopped the recording, and collected the tablet. When Canady viewed this video, he saw naked portions of L.'s buttocks, her fully exposed breasts, and her vaginal area.

When Raquel looked at both videos with Canady, she saw L., but she turned her head and did not view portions of the videos where L. was naked and showering. She identified defendant in the videos because in one she recognized the tattoos between his fingers, and in the other she saw defendant's face.

After Raquel turned over "the video" to Canady, her sister noticed there was a hole in wicker basket located on the right corner of the counter in the bathroom. The hole was the size of a dime, and inside the lid, there was a strip of Velcro.

Raquel then looked through L.'s room to make sure "we didn't miss anything." On the bookshelf in her daughter's room, Raquel lifted a "black lid cap" and discovered a hole, similar in size to the one in the basket, going all the way through the bookshelf. On a different bookshelf, Raquel found three holes filled in with caulking.

The Solano County District Attorney filed an information against defendant charging him in counts 1 and 2 with using a minor for purposes of posing for sexual conduct in violation of Penal Code[1] section 311.4, subdivision (c). Counts 3 and 4 charged defendant with child molesting in violation of section 647.6, subdivision (a).

On the first day of trial, the prosecutor dismissed counts 3 and 4. The jury later convicted defendant on count 2, using a minor for purposes of posing for sexual conduct.[2]

The trial court sentenced defendant to three years in state prison. Defendant filed a timely notice of appeal.

## II. DISCUSSION

Defendant contends the trial court had a sua sponte duty to instruct on the lesser offense of unauthorized invasion of privacy because under the accusatory pleading test, unauthorized invasion of privacy is a lesser included offense based upon the evidence

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] The jury could not reach an agreement on count 1.

introduced at the preliminary hearing. If invasion of privacy is not a lesser included offense, however, the trial court did not have a sua sponte obligation to give such an instruction. We conclude invasion of privacy is not a lesser included offense of using a minor for purposes of posing for sexual conduct.

" 'A trial court has a sua sponte duty to "instruct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser." [Citation.] Substantial evidence in this context is evidence from which a reasonable jury could conclude that the defendant committed the lesser, *but not the greater*, offense. "The rule's purpose is . . . to assure, in the interest of justice, the most accurate possible verdict encompassed by the charge and supported by the evidence." [Citation.] In light of this purpose, the court need instruct the jury on a lesser included offense only "[w]hen there is substantial evidence that an element of the charged offense is missing, but that the accused is guilty of" the lesser offense.' " (*People v. Landry* (2016) 2 Cal.5th 52, 96.) On appeal, we independently review whether the court improperly failed to instruct on a lesser included offense. (*People v. Nelson* (2016) 1 Cal.5th 513, 538; *People v. Souza* (2012) 54 Cal.4th 90, 113.)

"To determine if an offense is lesser and necessarily included in another offense . . . , we apply either the elements test or the accusatory pleading test." (*People v. Shockley* (2013) 58 Cal.4th 400, 404. (*Shockley*).)

" 'The elements test is satisfied if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, such that all legal elements of the lesser offense are also elements of the greater. [Citation.] In other words, " '[i]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' " ' " (*People v. Robinson* (2016) 63 Cal.4th 200, 207, quoting *People v. Bailey* (2012) 54 Cal.4th 740, 748.)

" 'Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former.' " (*Shockley*, *supra*, 58 Cal.4th at p. 404.)

4

As noted above, defendant was convicted of violating section 311.4, subdivision (c) which provides: "Every person who, with knowledge that a person is a minor under the age of 18 years, . . . knowingly promotes, employs, uses, persuades, induces, or coerces a minor under the age of 18 years . . . to engage in or assist others to engage in either posing or modeling alone or with others for purposes of preparing any representation of information, data, or image, including, but not limited to, any film, filmstrip . . . or any other computer-generated image that contains or incorporates in any manner, any film, filmstrip, or a live performance involving, sexual conduct by a minor under the age of 18 years alone or with other persons . . . , is guilty of a felony. . . ."

The lesser offense, misdemeanor invasion of privacy, a violation of section 647, subdivision (j)(3)(A), criminalizes the use of "a concealed camcorder, motion picture camera, or photographic camera of any type, to secretly videotape, film, photograph, or record by electronic means, another, identifiable person who may be in a state of full or partial undress, for the purpose of viewing the body of, or the undergarments worn by, that other person, without the consent or knowledge of that other person, in the interior of a bedroom, bathroom, . . . or the interior of any other area in which that other person has a reasonable expectation of privacy, with the intent to invade the privacy of that other person."

Defendant concedes, "Under the statutory elements test, unauthorized invasion of privacy is not necessarily included within using a minor for the purposes of posing for sexual conduct because it requires proof of elements that [the] greater offense does not [include], namely, use of a concealed camera with the intent to invade the privacy of another person."

As to the accusatory pleading test, the information in the instant case, did not include language describing the misdemeanor offense of unauthorized invasion of privacy, and defendant does not argue otherwise. Nonetheless, relying on *People v. Ortega* (2015) 240 Cal.App.4th 956 (*Ortega*), defendant insists that under the accusatory pleading test, the offense of unauthorized invasion of privacy is necessarily included

within the offense of using a minor for purposes of posing for sexual conduct "because the preliminary hearing evidence supplied the missing elements."

In *Ortega,* the prosecution conducted a preliminary hearing presenting evidence of digital penetration and then filed an information charging sexual penetration by force, in violation of section 289, subdivision (a)(1)(A). (*Ortega*, *supra*, 240 Cal.App.4th at pp. 960–961.) On appeal, the defendant argued sexual battery is a lesser included offense of forcible sexual penetration, and the trial court erred by failing to instruct sua sponte on sexual battery. The appellate court initially held sexual battery is not a lesser included offense of forcible sexual penetration under the elements test. (*Id*. at p. 960.)

However, it further held, that under "an expanded accusatory pleading test" sexual battery is a lesser included offense of forcible sexual penetration. (*Ortega*, *supra*, 240 Cal.App.4th at pp. 967–970.) Instead of relying solely on the factual allegations of the accusatory pleading, the court looked to the preliminary hearing transcript to supply the missing elements for sexual battery. *Ortega* explained: "Due process principles of fairness, and defendant's right to be prosecuted only on the noticed charges consistent with the probable cause showing supporting the accusatory pleading, compel us to agree that sexual battery is a lesser included offense of forcible sexual penetration where, as here, the preliminary hearing testimony identified defendant's fingers as the only object supporting the forcible sexual penetration charge." (*Id.* at p. 967.)

In the present case, the Attorney General agrees with defendant that as in *Ortega,* the evidence at the preliminary hearing shows defendant committed invasion of privacy. On the other hand, the Attorney General maintains the trial court had no duty to instruct the jury on the lesser offense of invasion of privacy, asserting the *Ortega* case was wrongly decided because it is inconsistent with Supreme Court precedent in *People v. Montoya* (2004) 33 Cal.4th 1031 (*Montoya*).

In *Montoya,* our Supreme Court determined unlawful taking of a vehicle was not a lesser included offense of carjacking. Applying the elements test, the court first found a person can commit a carjacking without necessarily committing an unlawful taking of a vehicle. (*Montoya*, *supra*, 33 Cal.4th at p. 1035.) The Supreme Court further found that

6

under the accusatory pleading test, a trial court is only required to examine the accusatory pleading to assess whether a charged offense includes a lesser offense.  Thus, it concluded the pleading for the greater offense of carjacking does not include the "requisite allegations" for the offense of unlawfully taking a vehicle.  (*Id.* at p. 1036.)

We decline to adopt *Ortega*'s "expanded accusatory pleading test" because it is contrary to *Montoya*.  As explained by the Supreme Court in *Montoya*:  "Consistent with the primary function of the accusatory pleading test—to determine whether a defendant is entitled to instruction on a lesser uncharged offense—we consider *only* the pleading for the greater offense."  (*Montoya*, *supra*, 33 Cal.4th at p. 1036.)  Indeed, the court in *Montoya* disapproved of *People v. Rush* (1993) 16 Cal.App.4th 20, which considered evidence from the preliminary hearing in applying the accusatory pleading test.  (*Montoya*, at p. 1036, fn. 4.)  We also note the Court of Appeal in *Ortega* does not even discuss or attempt to distinguish *Montoya.*

*Ortega*, moreover, has not been followed by any published cases.  In contrast, courts since *Montoya*, have continued to apply the rule excluding evidence at the preliminary hearing in applying the accusatory pleading test.  (See *People v. Smith* (2013) 57 Cal.4th 232, 244 ["The trial court need only examine the accusatory pleading."]; *People v. Chaney* (2005) 131 Cal.App.4th 253, 257 [" 'to determine whether a defendant is entitled to instruction on a lesser uncharged offense—we consider *only* the pleading for the greater offense' "]; see also *People v. Banks* (2014) 59 Cal.4th 1113, 1160 ["When applying the accusatory pleading test, '[t]he trial court need only examine the accusatory pleading.' "], disapproved on another ground in *People v. Scott* (2015) 61 Cal.4th 363, 391, fn. 3.)

Defendant's reliance on *People v. Collins* (1960) 54 Cal.2d 57 (*Collins*) to support his claim that the preliminary hearing testimony should be considered when applying the accusatory pleading test is also misplaced.  There, multiple defendants were charged with forcible rape in violation of former section 261, subdivision 3, but the trial court found them guilty of rape in violation of former section 261, subdivision 1, prohibiting sexual intercourse with a female under the age of 18.  (*Collins*, at p. 58.)  Defendant focuses on

7

the Supreme Court's finding, in affirming the convictions, that the defendants' due process rights were not violated because they had notice, via the preliminary hearing, of the victim's age. (*Id*. at p. 60.)

However, in a later case, *People v. Lohbauer* (1981) 29 Cal.3d 364, the Supreme Court stated the force of that specific holding in *Collins* "has been abrogated, of course, by the Legislature's repeal of subdivision 1 of section 261 and the enactment in 1970 of a separate statute, section 261.5, prohibiting sexual intercourse with a female under age 18." (*Lohbauer*, at p. 372.) And "[i]n any event, *Collins* had neither redefined a 'necessarily included' offense within the meaning of section 1159,[3] nor departed from the rule of that statute; it had held only that rape was one crime within that meaning." (*Lohbauer*, at p. 372.) Therefore, the court concluded *Collins* was "not authority for any expanded definition of 'necessarily included' offenses." (*Lohbauer*, at p. 372.)

In sum, because we follow *Montoya* and reject *Ortega*, the trial court had no duty in the instant case to instruct on the lesser related offense of unauthorized invasion of privacy.

### III. DISPOSITION

The judgment is affirmed.

---

[3] Section 1159 provides: "The jury, or judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

_____
Margulies, Acting P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.


A151198
*People v. Macias*

9

Trial Court:   Solano County Superior Court

Trial Judge:   Hon. Wendy G. Getty

Counsel:

The Law Office of Kevin J. Lindsley, Kevin J. Lindsley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Eric D. Share and Dorian Jung, Deputy Attorneys General for Plaintiff and Respondent.