DATO, J.
*784 After consuming alcohol, marijuana and cocaine, defendant Eduardo Alvarez drove through traffic at high speeds, ran a red light and broadsided another car, killing its passenger. A jury convicted him of second degree murder ( Pen. Code, § 187 ) and other related charges.[1] He appeals only his murder conviction, claiming: (1) insufficient evidence supported a reasonable finding of implied malice; (2) the court should have instructed jurors on gross vehicular manslaughter while intoxicated as a lesser included offense; and (3) he was prejudiced by prosecutorial misconduct during rebuttal argument. He argues these errors individually and cumulatively compel reversal. We disagree and affirm the judgment.
FACTUAL AND PROCEDURAL BACKGROUND
On August 9, 2015, Alvarez got behind the wheel of his Nissan sedan after consuming alcohol, cocaine, and marijuana. As he drove through Corona on a clear night, witnesses saw him weave in and out of traffic, pass cars at unsafe speeds, and use the shoulder to run a red light. Continuing eastbound on 6th Street toward the intersection at Promenade Avenue, Alvarez approached another red light. He swerved into the right turn lane to avoid cars stopped at the light and barreled into the intersection at 83 to 100 miles per hour (m.p.h.).
At that very moment, Jacob G. driving a Mazda sedan was turning left from Promenade Avenue onto eastbound 6th Street. He had a green light. Alvarez broadsided the Mazda with enough force to push its passenger side frame inwards three feet and cause Jacob's car to continue traveling 100 feet. The impact killed the Mazda's passenger, Courtney F., and injured Jacob.
*233 After the collision, Alvarez initially admitted having a red light but then claimed his light was green. He refused to answer questions and tried to resist medical treatment. A blood draw revealed he had a blood alcohol level of 0.18 to 0.19 percent, indicating he had consumed at least six beers. He also had cocaine and THC (tetrahydrocannabinol) metabolites in his system. These suggested he had ingested alcohol and cocaine together and used marijuana shortly before driving.
Corona police officers recovered an unopened package of unisex synthetic urine from the console of Alvarez's Nissan. Evidence at trial indicated that Alvarez worked as a medical equipment delivery driver and had to randomly submit to a urine drug test pursuant to federal regulations. He had received job training on the effects of impaired driving, and his company had a zero-tolerance policy for driving while impaired.
*785 The Riverside County District Attorney charged Alvarez by amended information with Courtney's murder ( § 187, subd. (a), count 1),[2] driving under the influence causing great bodily injury to Jacob ( Veh. Code, § 23153, subd. (a), count 2), driving with blood alcohol level of 0.08 causing bodily injury to Jacob ( Veh. Code, § 23153, subd. (b), count 3), and driving under the combined influence of alcohol and drugs causing injury to Jacob ( Veh. Code, § 23153, subd. (f), count 4). As to counts 2 through 4, the amended information further alleged that Alvarez personally inflicted great bodily injury on Courtney within the meaning of sections 12022.7, subdivision (a) and 1192.7, subdivision (c)(8).
At trial, Alvarez's main defense was that the collision was a "horrible accident" but not murder because he did not act with implied malice. He urged the jury to convict on counts 2 through 4 and return a true finding on the great bodily injury enhancement, but acquit him of murder.
Instead, the jury convicted Alvarez as charged and found all the allegations true. At sentencing, the court selected count 2 as the principal count and imposed the middle term of two years. It imposed an indeterminate term of 15 years to life on count 1, to run consecutively, and stayed the sentences for counts 3 and 4 and the enhancements pursuant to section 654.
DISCUSSION
Alvarez raises three main challenges to his murder conviction: sufficiency of the evidence as to implied malice, instructional error, and prosecutorial misconduct during closing arguments. We address these contentions in turn before dealing with his remaining claim of cumulative error.
1. Sufficiency of the Evidence**
2. Instructional Error
Defense counsel requested jury instructions on involuntary manslaughter, gross vehicular manslaughter while intoxicated, and simple vehicular manslaughter while intoxicated as lesser included offenses of murder on count 1. The prosecution objected, and the trial court denied the request. During *786 closing arguments, defense counsel argued that Alvarez was guilty of only manslaughter, but the prosecutor had chosen to charge him with murder. On appeal, Alvarez argues the court *234 erred in failing to instruct the jury that gross vehicular manslaughter while intoxicated is a lesser included offense of implied malice murder. We conclude the instruction was properly denied.
"[E]ven absent a request, and even over the parties' objections, the trial court must instruct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser." ( People v. Birks (1998) 19 Cal.4th 108, 118, 77 Cal.Rptr.2d 848, 960 P.2d 1073 ( Birks ).) We independently review whether the court erred by failing to instruct on a lesser included offense. ( People v. Souza (2012) 54 Cal.4th 90, 113, 141 Cal.Rptr.3d 419, 277 P.3d 118.)
There are two tests for determining whether an uncharged crime is a lesser included offense. "Under the elements test, a court determines whether, as a matter of law, the statutory definition of the greater offense necessarily includes the lesser offense." ( People v. Parson (2008) 44 Cal.4th 332, 349, 79 Cal.Rptr.3d 269, 187 P.3d 1.) This test is satisfied if " 'all legal elements of the lesser offense are also elements of the greater.' " ( People v. Robinson (2016) 63 Cal.4th 200, 207, 202 Cal.Rptr.3d 485, 370 P.3d 1043 ( Robinson ).) "Under the accusatory pleading test, a court reviews the accusatory pleading to determine whether the facts actually alleged include all of the elements of the uncharged lesser offense; if it does, then the latter is necessarily included in the former." ( Parson , at p. 349, 79 Cal.Rptr.3d 269, 187 P.3d 1 ; see Birks , supra , 19 Cal.4th at pp. 117-118, 77 Cal.Rptr.2d 848, 960 P.2d 1073.)
Alvarez concedes gross vehicular manslaughter while intoxicated is not a lesser included offense of murder under the statutory elements test, as it requires additional elements (use of a vehicle and intoxication) not required for murder. ( People v. Sanchez (2001) 24 Cal.4th 983, 988-989, 103 Cal.Rptr.2d 698, 16 P.3d 118.) Nevertheless, he claims it is a lesser included offense under the accusatory pleading test. We disagree.
The amended information tracked the language of section 187, subdivision (a) in alleging Alvarez "did willfully and unlawfully murder Courtney F., a human being." "When, as here, the accusatory pleading incorporates the statutory definition of the charged offense without referring to the particular facts, a reviewing court must rely on the statutory elements to determine if there is a lesser included offense." ( Robinson , supra , 63 Cal.4th at p. 207, 202 Cal.Rptr.3d 485, 370 P.3d 1043 ; see People v. Shockley (2013) 58 Cal.4th 400, 404, 165 Cal.Rptr.3d 497, 314 P.3d 798 ["because the information charging defendant with lewd conduct simply tracked section 288(a)'s language without providing any additional factual allegations, we focus on the elements test"].)
*787 Notwithstanding this rule, Alvarez urges us to apply the "expanded" accusatory pleading test articulated in People v. Ortega (2015) 240 Cal.App.4th 956, 967, 193 Cal.Rptr.3d 142 ( Ortega ). The defendant in Ortega was charged with forcible sexual penetration (§ 289, subd. (a)(1)(A) ) based on evidence of digital penetration. ( Id. at pp. 960-961, 193 Cal.Rptr.3d 142.) On appeal he argued the court should have instructed jurors that sexual battery was a lesser included offense of forcible sexual penetration. The court agreed. Although it was not a lesser included offense under the elements test, it was such under "an expanded accusatory pleading test." ( Id. at p. 967, 193 Cal.Rptr.3d 142.) The court reasoned that "evidence adduced at the preliminary hearing must be considered in *235 applying the accusatory pleading test when the specific conduct supporting a holding order establishes that the charged offense necessarily encompasses a lesser offense." ( Ibid. ) It believed this rule naturally followed a criminal defendant's due process right to be prosecuted only on the noticed charges. ( Id. at pp. 968-969, 193 Cal.Rptr.3d 142.)
The People argue Ortega was wrongly decided or inapplicable where the alleged lesser included offense requires a different mens rea. Because we agree on the broader first point, we decline to follow Ortega .
"Consistent with the primary function of the accusatory pleading test-to determine whether a defendant is entitled to instruction on a lesser uncharged offense-we consider only the pleading for the greater offense." ( People v. Montoya (2004) 33 Cal.4th 1031, 1036, 16 Cal.Rptr.3d 902, 94 P.3d 1098 ( Montoya ).) Accordingly, unlawful taking of a vehicle was not a lesser included offense of carjacking in Montoya because the charging document did not include the "requisite allegations" for unlawful taking. ( Ibid . ) In subsequent cases the Supreme Court has reiterated that "[t]he trial court need only examine the accusatory pleading" in applying the accusatory pleading test. ( People v. Smith (2013) 57 Cal.4th 232, 244, 159 Cal.Rptr.3d 57, 303 P.3d 368 [further noting the test "does not require or depend on an examination of the evidence adduced at trial"]; People v. Banks (2014) 59 Cal.4th 1113, 1160, 176 Cal.Rptr.3d 185, 331 P.3d 1206.)
Two recent reported decisions have relied on Montoya to reject Ortega 's"expanded" accusatory pleading test.[5] In Macias , supra , 26 Cal.App.5th 957, 237 Cal.Rptr.3d 583, a defendant was charged with and convicted of using a minor for purposes of posing for sexual conduct (§ 311.4, subd. (c) ) based on evidence he had surreptitiously filmed his partner's daughter. He claimed the trial court should have instructed jurors that unauthorized invasion of privacy was a lesser *788 included offense under Ortega 's"expanded" accusatory pleading test. ( Id. at p. 961, 237 Cal.Rptr.3d 583.) The court rejected Ortega 's test as "contrary to Montoya "-a case Ortega did not cite-and "not ... followed by any published cases." ( Id. at p. 964, 237 Cal.Rptr.3d 583.)
Squarely on point is the case that followed Macias : Munoz , supra , 31 Cal.App.5th 143, 242 Cal.Rptr.3d 314. After a jury convicted a defendant of Watson murder, he raised the same challenge raised here to the court's refusal to instruct jurors on gross vehicular manslaughter while intoxicated as a lesser offense. Rejecting that claim, the Munoz court highlighted the rule under Montoya : "when applying the accusatory pleading test to determine whether one offense is necessarily included in another, courts do not look to evidence beyond the actual pleading and its allegations regarding the purported greater offense." ( Id. at p. 156, 242 Cal.Rptr.3d 314.) Because Ortega failed to reconcile this rule and had been rejected by the only published case citing it ( Macias , supra , 26 Cal.App.5th 957, 237 Cal.Rptr.3d 583 ), the Munoz court declined to follow Ortega . ( Munoz , at pp. 157-158, 242 Cal.Rptr.3d 314.)
The People urge us to follow Macias and Munoz while Alvarez maintains that Ortega provides the correct rule. We think the People have the better argument.
*236 Montoya disapproved of People v. Rush (1993) 16 Cal.App.4th 20, 20 Cal.Rptr.2d 15, which considered evidence from the preliminary hearing in applying the accusatory pleading test. ( Id. at p. 27, 20 Cal.Rptr.2d 15 ; Montoya , supra , 33 Cal.4th at p. 1036, fn. 4, 16 Cal.Rptr.3d 902, 94 P.3d 1098 ; see Macias , supra , 26 Cal.App.5th at p. 964, 237 Cal.Rptr.3d 583 [discussing Montoya 's disapproval of Rush ].) Ortega did not cite Montoya or attempt to reconcile its analysis. As an intermediate appellate court, we are required to follow Supreme Court precedent. ( Auto Equity Sales , Inc. v. Superior Court (1962) 57 Cal.2d 450, 455, 20 Cal.Rptr. 321, 369 P.2d 937.) We agree with Munoz that, consistent with that precedent, "we are not to look beyond the language of the accusatory pleading itself in assessing lesser included offenses." ( Munoz , supra , 31 Cal.App.5th at p. 158, 242 Cal.Rptr.3d 314.)
Alvarez attempts to distinguish Montoya as a multiple conviction case, i.e., where a defendant is charged with and convicted of both the greater and lesser offenses. He argues that an "expanded" accusatory pleading test is more appropriate "in an uncharged lesser conviction case like this one." We do not read Montoya so narrowly. The court articulated the general standard for the accusatory pleading test before considering its application in a multiple conviction case. ( Montoya , supra , 33 Cal.4th at pp. 1035-1036, 16 Cal.Rptr.3d 902, 94 P.3d 1098.)[6] "Thus, Montoya intended its rule not only to apply in the context of multiple convictions, but also in the context of determining whether instructions on a *789 lesser offense were warranted." ( Munoz , supra , 31 Cal.App.5th at p. 158, 242 Cal.Rptr.3d 314.) Indeed, Macias and Munoz , both single-conviction cases, undermine Alvarez's claim.
Although we could simply rely on Munoz , there is also a conceptual problem with Ortega . In Birks , supra , 19 Cal.4th 108, 77 Cal.Rptr.2d 848, 960 P.2d 1073, the Supreme Court overruled People v. Geiger (1984) 35 Cal.3d 510, 199 Cal.Rptr. 45, 674 P.2d 1303 ( Geiger ) and explained that a defendant has no unilateral right to instructions on lesser related offenses not necessarily included in the charge. A different rule "would interfere with prosecutorial charging discretion, essentially allowing the defendant, not the prosecutor, to choose which charges are presented to the jury for decision ...." ( Hicks , supra , 4 Cal.5th at p. 211, 226 Cal.Rptr.3d 565, 407 P.3d 409 [discussing Birks ].)
Critically, " Birks makes clear that the goal of enabling a jury to return the most accurate verdict that the evidence supports does not require that every possible crime a defendant may have committed be presented to the jury as an alternative . Rather, a jury need only be instructed on offenses that the prosecution actually charged either explicitly or implicitly (because they were necessarily included within explicitly charged offenses)." ( People v. Hicks (2017) 4 Cal.5th 203, 211, 226 Cal.Rptr.3d 565, 407 P.3d 409, italics added.)
Ortega focuses on language in Birks that sua sponte instruction on lesser included offenses "prevents either party whether by design or inadvertence, from forcing an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other." ( Ortega , supra , 240 Cal.App.4th at p. 970, 193 Cal.Rptr.3d 142, citing *237 Birks , supra , 19 Cal.4th at p. 119, 77 Cal.Rptr.2d 848, 960 P.2d 1073.) But this rule applies to necessarily included lesser offenses. Ortega 's "expanded" accusatory pleading test blurs the line between lesser included offenses, for which sua sponte instruction may be required, and lesser related offenses, for which it is not. It also overlooks that Birks relied on the notice provided "in the accusatory pleading itself " to require sua sponte instruction on lesser included offenses:
"Where the evidence warrants, the rule ensures that the jury will be exposed to the full range of verdict options which, by operation of law and with full notice to both parties, are presented in the accusatory pleading itself and are thus closely and openly connected to the case." ( Birks , supra , 19 Cal.4th at p. 119, 77 Cal.Rptr.2d 848, 960 P.2d 1073.)
The rule as to lesser included offenses " 'encourages a verdict, within the charge chosen by the prosecution , that is neither "harsher [n]or more lenient than the evidence merits." ' " ( Hicks , supra , 4 Cal.5th at p. 210, 226 Cal.Rptr.3d 565, 407 P.3d 409, italics added.) In our view, this guiding Supreme Court precedent does not provide a basis to extend this principle to related charges not chosen by the prosecution.
*790 As a general matter, a single set of facts may support several related criminal charges. In drunk driving cases like this one, "a defendant may be charged with second degree murder upon facts which also would support a charge of vehicular manslaughter." ( Watson , supra , 30 Cal.3d at p. 299, 179 Cal.Rptr. 43, 637 P.2d 279.) It is the prosecutor's role to decide what charges (and thereby what lesser included offenses) are presented to the jury. ( Hicks , supra , 4 Cal.5th at p. 211 ; Birks , supra , 19 Cal.4th at p. 134, 77 Cal.Rptr.2d 848, 960 P.2d 1073.) Ortega 's"expanded" accusatory pleading test would interfere with this charging authority by requiring sua sponte instruction on lesser related offenses, effectively reviving the Geiger rule in select cases.
Alvarez sees no problem with this outcome in cases like his where the district attorney initially charged and provided sufficient evidence of both charges at the preliminary hearing. Only later did the prosecutor opt to amend the information and charge Alvarez solely with Watson murder. But we see no principled way to carve out such cases from Birks . (See Birks , supra , 19 Cal.4th at p. 131, 77 Cal.Rptr.2d 848, 960 P.2d 1073 [noting that the Geiger rule requiring instruction on "related" offenses had proven unworkable across diverse types of cases and fact patterns]; see also Hicks , supra , 4 Cal.5th at p. 211, 226 Cal.Rptr.3d 565, 407 P.3d 409 [rejecting defendant's claim that where "the prosecution in fact charged the lesser related offense , ... the concern we had in Birks about interfering with prosecutorial charging discretion is not implicated"].) To adopt Alvarez's gloss on Ortega , every time evidence at the preliminary hearing was found to support two related charges, the accusatory pleading test would require sua sponte instruction on the lesser notwithstanding the prosecutor's ultimate decision to charge only the greater crime. This result necessarily interferes with a prosecutor's discretion to decide what charges to bring and try. ( Birks , at p. 134, 77 Cal.Rptr.2d 848, 960 P.2d 1073 ; Hicks , at p. 211, 226 Cal.Rptr.3d 565, 407 P.3d 409.)
Focusing on the amended information alone ( Macias , supra , 26 Cal.App.5th at p. 964, 237 Cal.Rptr.3d 583 ; Munoz , supra , 31 Cal.App.5th at p. 158, 242 Cal.Rptr.3d 314 ), gross vehicular manslaughter while intoxicated is a lesser related offense but not a lesser included offense of Watson murder. "[I]nstruction on a lesser related offense is proper only *238 upon the mutual assent of the parties." ( People v. Taylor (2010) 48 Cal.4th 574, 622, 108 Cal.Rptr.3d 87, 229 P.3d 12 [citing and declining to reconsider Birks ].) "Here, because the prosecutor objected to the instruction on the crime of [gross vehicular manslaughter while intoxicated], the trial court correctly denied defendant's request." ( Ibid . )
3.-4.***
*791 DISPOSITION
The judgment is affirmed.
WE CONCUR:
NARES, Acting P. J.
GUERRERO, J.

Further statutory references are to the Penal Code unless otherwise indicated.

The Supreme Court validated this theory of implied malice murder in People v. Watson (1981) 30 Cal.3d 290, 301, 179 Cal.Rptr. 43, 637 P.2d 279 (Watson ). Implied malice murder involving drunk driving is now "colloquially known as a Watson murder." (People v. Wolfe (2018) 20 Cal.App.5th 673, 677, 229 Cal.Rptr.3d 414 (Wolfe ).)

See footnote *, ante .

We asked the parties to submit supplemental letter briefs addressing People v. Macias (2018) 26 Cal.App.5th 957, 237 Cal.Rptr.3d 583 (Macias ). Before those briefs were due, a decision issued in People v. Munoz (2019) 31 Cal.App.5th 143, 242 Cal.Rptr.3d 314 (Munoz ). The parties' supplemental briefs address both Macias and Munoz .

The Supreme Court later held that courts may consider "only the statutory elements in deciding whether a defendant may be convicted of multiple charged crimes." (People v. Reed (2006) 38 Cal.4th 1224, 1231, 45 Cal.Rptr.3d 353, 137 P.3d 184.)

See footnote *, ante .