Filed 4/26/21  P. v. Starr CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>REGGIE STARR,<br><br>Defendant and Appellant. | B304944<br><br>(Los Angeles County<br>Super. Ct. No. YA097512) |

APPEAL from the judgment of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Reversed in part, conditionally reversed in part.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

A jury convicted defendant and appellant Reggie Starr of kidnapping to facilitate carjacking (Pen. Code,[1] § 209.5, subd. (a)) (counts 1 and 2), kidnapping (§ 207, subd. (a)) (counts 3 and 4), carjacking (§ 215, subd. (a)) (count 5), residential robbery (§ 211) (count 6), and dissuading a witness by force or by threat of force (§ 136.1, subd. (c)(1)) (count 7).  He contends that his convictions for kidnapping and carjacking must be reversed because they are lesser included offenses of kidnapping to facilitate carjacking.  Starr also contends that we must conditionally reverse his remaining convictions to allow him to request a mental health diversion eligibility hearing pursuant to section 1001.36, and that the trial court erred by imposing fines and fees without determining that he is able to pay them.  We agree with Starr as to the lesser included offenses, and we reverse those convictions.  We also conditionally reverse the remainder of Starr's convictions because the record does not conclusively establish that a remand for a pretrial diversion hearing would be futile.  We reject Starr's argument on fines and fees.

### FACTS AND PROCEEDINGS BELOW

Late in the evening of December 23, 2017, K.B. was at home watching a movie on TV with his minor son and a woman that K.B. had recently met.  At around 1:00 a.m., the woman left, and Starr and an unidentified accomplice came in.  K.B. had dozed off, but he woke up when he heard the sound of the men entering.  Starr pointed a gun at K.B., demanded money, and asked where his safe was.  Starr's accomplice took jewelry

---

[1] Subsequent unspecified statutory references are to the Penal Code.

from K.B. and the son.  Starr then led K.B. and his son into a bedroom while Starr's accomplice searched the premises and took additional valuables.

After taking K.B.'s wallet and cell phone, Starr took K.B.'s car keys and ordered K.B. and the son to get into the back seat of K.B.'s car.  Starr drove the car while his accomplice kept a gun pointed at K.B. and the son.  Starr drove about a mile from K.B.'s home, and ordered K.B. and the son out of the car.  Starr said, "[Y]ou better not call the police," then drove away.  K.B. and his son walked back home.  Approximately three weeks later, a sheriff's deputy apprehended Starr in possession of the stolen car.

After the jury convicted Starr, the trial court imposed an aggregate sentence of 34 years to life in prison.  The sentence consisted of two consecutive sentences of seven years to life for the two counts of kidnapping to facilitate carjacking (§ 209.5, subd. (a)), plus two consecutive 10-year enhancements (§ 12022.53, subd. (b)) for personally using a firearm in the commission of those offenses.  The court stayed the sentences for kidnapping (§ 207, subd. (a)) and carjacking (§ 215, subd. (a)) pursuant to section 654, and imposed concurrent sentences of six years for residential robbery (§ 211) and three years for dissuading a witness by force (§ 136.1, subd. (c)(1)).

# DISCUSSION

## A. *Lesser Included Offenses*

Starr contends that his convictions for kidnapping (§ 207, subd. (a)) and carjacking (§ 215, subd. (a)) must be reversed because they are lesser included offenses of kidnapping to facilitate carjacking (§ 209.5, subd. (a)). The Attorney General agrees, as do we.

"In California, a single act or course of conduct by a defendant can lead to convictions 'of *any number* of the offenses charged.' (§ 954, italics added; *People v. Ortega* (1998) 19 Cal.4th 686, 692 . . . .) But a judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses." (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034 (*Montoya*).)

"In deciding whether an offense is necessarily included in another, we apply the elements test, asking whether ' " 'all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense.' [Citation.]" ' (*People v. Lopez* (1998) 19 Cal.4th 282, 288 . . . .) In other words, 'if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' " (*Montoya, supra*, 33 Cal.4th at p. 1034.) "When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed." (*People v. Sanders* (2012) 55 Cal.4th 731, 736.)

Section 209.5, subdivision (a) provides that "[a]ny person who, during the commission of a carjacking and in order to

4

facilitate the commission of the carjacking, kidnaps another person who is not a principal in the commission of the carjacking shall be punished by imprisonment in the state prison for life with the possibility of parole." Thus, by its terms, a defendant cannot violate the statute without committing kidnapping. (See *People v. Stringer* (2019) 41 Cal.App.5th 974, 988; *People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1368.) Similarly, our Supreme Court has held that carjacking is a lesser included offense of kidnapping to facilitate carjacking. (*People v. Montes* (2014) 58 Cal.4th 809, 898; accord, *In re B.J.* (2020) 49 Cal.App.5th 646, 652.)

Substantial evidence supported Starr's conviction of the greater offense of kidnapping to facilitate carjacking, as Starr does not dispute. We therefore reverse his convictions for the lesser included offenses of carjacking and for kidnapping.

## B. *Mental Health Diversion Hearing*

### 1. Background on Section 1001.36

On June 27, 2018, the same day the jury rendered its verdict in Starr's case, section 1001.36 became effective. The new law allows trial courts to grant pretrial diversion to allow defendants suffering from a mental disorder to postpone and potentially avoid prosecution by obtaining treatment for the disorder. A defendant is eligible for pretrial diversion if six statutory criteria are met: "(A) The court is satisfied that the defendant suffers from a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders. . . . [¶] (B) The court is satisfied that the defendant's mental disorder was a significant factor in the commission of the charged offense. . . . [¶] (C) In the opinion

5

of a qualified mental health expert, the defendant's symptoms of the mental disorder motivating the criminal behavior would respond to mental health treatment. [¶] (D) The defendant consents to diversion and waives the defendant's right to a speedy trial [or is an appropriate candidate for diversion but unable to consent due to defendant's mental incompetence] . . . . [¶] (E) The defendant agrees to comply with treatment as a condition of diversion. [¶] (F) The court is satisfied that the defendant will not pose an unreasonable risk of danger to public safety, as defined in Section 1170.18, if treated in the community." (§ 1001.36, subd. (b)(1)(A)−(F).)

If the trial court determines that the defendant meets the criteria and that a "recommended inpatient or outpatient program of mental health treatment will meet the specialized mental health treatment needs of the defendant" (§ 1001.36, subd. (c)(1)(A)), the court may refer the defendant for treatment. If the defendant is charged with a new offense or fails to perform satisfactorily in the mental health program, the court may modify the treatment program, refer the defendant for conservatorship proceedings, or reinstate the charges against the defendant. (§ 1001.36, subd. (d).) Otherwise, if the defendant performs satisfactorily in the diversion program for a maximum of two years, "the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion." (§ 1001.36, subd. (e).)

The trial court may order pretrial diversion "at any point in the judicial process from the point at which the accused is charged until adjudication." (§ 1001.36, subd. (c).) In addition, "[a]t any stage of the proceedings, the court may require the defendant to make a prima facie showing that the defendant will

6

meet the minimum requirements of eligibility for diversion and that the defendant and the offense are suitable for diversion." (§ 1001.36, subd. (b)(3).)

Despite the statutory limitation allowing the court to order pretrial diversion only "until adjudication" (§ 1001.36, subd. (c)) of the defendant's case, the Supreme Court has held that the law applies retroactively to all defendants who were convicted and sentenced but whose cases were not yet final on appeal at the time the law became effective. (See *People v. Frahs* (2020) 9 Cal.5th 618, 630–632 (*Frahs*).)

If a defendant is wrongly denied an opportunity to request pretrial diversion, the remedy is to conditionally reverse the defendant's convictions and to remand the case to the trial court to determine whether the defendant is eligible. (*Frahs*, *supra*, 9 Cal.5th at pp. 637, 640–641.) A remand "is warranted when . . . the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion—the defendant suffers from a qualifying mental disorder." (*Id.* at p. 640.)

## 2. Application to the Case

Here there is evidence that Starr suffers from a qualifying mental disorder. Prior to the sentencing hearing, a psychologist prepared a report on Starr to make a record for a future youth offender parole hearing. (See § 3051; *People v. Franklin* (2016) 63 Cal.4th 261, 284.) The report documented years of mental and emotional issues stemming from childhood abuse and neglect. The psychologist concluded that Starr suffers from major depressive disorder, post-traumatic stress disorder, antisocial personality disorder, as well as substance use disorders stemming from his use of alcohol, cannabis, and

7

methamphetamine.  According to the report, these disorders "affected [Starr's] emotional functioning and decision-making" and "may have played a role in [his] behavior during the instant offense."

The Attorney General contends that we should nevertheless affirm Starr's convictions because the record shows that remanding for a diversion eligibility hearing would be futile. In several analogous circumstances, where a new court decision or legislation makes defendants eligible for retroactive sentencing relief, reviewing courts have refused to require a new sentencing hearing on the ground of futility where the record affirmatively shows that the trial court would deny the relief.  (See, e.g., *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896 [discretion to strike prior strike convictions for purposes of sentencing]; *People v. Allison* (2019) 39 Cal.App.5th 688, 705 [discretion to strike firearm enhancements]; *People v. Jones* (2019) 32 Cal.App.5th 267, 272–275 [discretion to strike serious felony enhancements].)

The Supreme Court in *Frahs* found it unnecessary to decide whether a futility exception exists in cases involving requests for pretrial diversion under section 1001.36.  (See *Frahs*, *supra*, 9 Cal.5th at p. 640.)  In analyzing the issue, the Court suggested that, if an exception exists, it would apply narrowly—only if the record "conclusively establish[ed] that a remand would be futile." (*Id.* at p. 639.)

The Attorney General contends that remand in this case would be futile because the trial court made findings suggesting that Starr does not qualify for diversion.  In particular, the Attorney General argues that the trial court has already rejected the possibility "that the defendant's mental disorder was a significant factor in the commission of the charged offense."

8

(§ 1001.36, subd. (b)(1)(B).) The Attorney General notes that, when the trial court was considering factors in mitigation (see Cal. Rules of Court, rule 4.423(b)(2)) during the sentencing hearing, the trial court found that "[t]here's nothing in the record that indicates that these crimes were committed as a result of a mental disorder." We disagree that the trial court's statement "conclusively establish[es] that a remand would be futile." (*Frahs*, *supra*, 9 Cal.5th at p. 639.) We cannot rule out the possibility that the trial court would conclude that Starr's mental disorders were a significant factor in his crimes, even if those crimes were not the "result of a mental disorder" for purposes of mitigating his culpability. (See *ibid*. ["the trial court could find that these criteria for diversion are satisfied even if that court believed defendant's mental disorder did not significantly reduce his *culpability* for the crimes"].)

The Attorney General also argues that remand for a pretrial diversion hearing would be futile because Starr cannot meet another of the criteria—to satisfy the court that he "will not pose an unreasonable risk of danger to public safety, as defined in Section 1170.18, if treated in the community." (§ 1001.36, subd. (b)(1)(F).) The Attorney General points out that even the psychologist's report, introduced on Starr's behalf, found that Starr "currently poses a risk of reoffending if released back into the community." In addition, the Attorney General notes that Starr's current offense is only one part of an extensive history of dangerous conduct, and that the trial court stated that Starr "has shown progressive violence over time" that culminated in his current convictions. Starr responds that the relevant question is not simply whether he poses a risk of danger to public safety, but rather whether he would continue to pose

9

such a danger "if treated in the community." (§ 1001.36, subd. (b)(1)(F).) Starr notes that the psychologist found that his behavior improved when he was receiving treatment for his mental disorders. The record thus does not show "conclusively" that the trial court would reject Starr's request for pretrial diversion on the basis of his continuing risk of danger to public safety. Because the trial court has not decided Starr's eligibility for pretrial diversion, and because the record does not "conclusively establish that a remand would be futile" (*Frahs*, *supra*, 9 Cal.5th at p. 639), we must conditionally reverse Starr's convictions and allow him to request pretrial diversion in the trial court.

On remand, the trial court " 'as nearly as possible [should] retroactively apply the provisions of section 1001.36, as though the statute existed at the time [defendant] was initially charged.' " (*Frahs*, *supra*, 9 Cal.5th at p. 637.) Thus, "[i]f the trial court finds that [defendant] suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria (as nearly as possible given the postconviction procedural posture of this case), then the court may grant diversion. If [defendant] successfully completes diversion, then the court shall dismiss the charges. [If, however,] the court determines that [defendant] does not meet the criteria under section 1001.36, or if [defendant] does not successfully complete diversion, then his convictions and sentence shall be reinstated.' " (*Ibid.*) As in *Frahs*, "[w]e express no view as to "whether defendant will be able to show eligibility on remand or whether the trial court should exercise its discretion to grant diversion if it finds him eligible." (*Id.* at p. 625.)

The Attorney General contends that Starr is not entitled to remand for a pretrial diversion hearing because he failed to raise the issue in the trial court. In general, a defendant must raise an issue before the trial court, or he will be deemed to have forfeited his claim on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351 (*Scott*).) We will not apply the forfeiture doctrine in this case, however, because it was unclear until after the trial court sentenced Starr whether he was eligible to request pretrial diversion before the trial court.

Section 1001.36 became effective on June 27, 2018, the same day that the jury rendered its verdict in Starr's case. The Attorney General contends that Starr could have requested pretrial diversion at any time from that date until February 13, 2020, the date of his sentencing hearing. But the retroactive application of the law was not clear at that time. The statute allows the trial court to order pretrial diversion "at any point in the judicial process . . . until adjudication" (§ 1001.36, subd. (c)), but does not define "adjudication." At least one court has held that " '[u]ntil adjudication' means before the jury is impaneled and sworn." (*People v. Torres* (2019) 39 Cal.App.5th 849, 855.) Under this interpretation, by the time the law became effective, it was already too late for Starr to apply for pretrial diversion. Indeed, as the court in *Frahs* noted, several cases held that the new law did not apply retroactively to defendants who had been convicted but whose cases were not yet final. (See *Frahs*, *supra*, 9 Cal.5th at p. 631, fn. 2.)

The Attorney General argues that Starr's trial attorney did not render ineffective assistance of counsel by failing to request pretrial diversion because Starr's attorney might have reasonably relied on those opinions as correct, despite the

11

existence of other Court of Appeal opinions holding that the law applied retroactively. (See *Frahs*, *supra*, 9 Cal.5th at p. 631, fn. 2 [listing cases].) Indeed, it would be natural to infer that the statute does not apply retroactively because "[i]n the normal course of operations, a trial court would determine *before trial* whether a defendant is eligible for pretrial diversion. (*Id.* at p. 633, italics added.) By the time the Supreme Court definitively answered the question with its opinion in *Frahs*, Starr had already been sentenced, and the trial court no longer had jurisdiction.

To accept the Attorney General's argument would require us to hold that Starr forfeited his claim to pretrial diversion by failing to raise it in the trial court, but that his claim of ineffective assistance of counsel fails because his attorney's erroneous interpretation of the law was reasonable. This would not serve the purpose of the forfeiture doctrine, "to ensure the fair and orderly administration of justice." (*Scott*, *supra*, 9 Cal.4th at p. 351.) Instead, it would deny Starr an opportunity to seek access to a benefit for which he may be eligible on the basis of a technicality. In light of the lack of clarity regarding the law and the injustice of not doing so, we will exercise our discretion not to apply the forfeiture doctrine to Starr's claim. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887-888, fn. 7.)[2]

---

[2] Because we do not apply the forfeiture doctrine, we need not address Starr's claim of ineffective assistance of counsel. On August 20, 2020, Starr filed a petition for a writ of habeas corpus in which he also raises the issue of ineffective assistance of counsel. (*In re Reggie Starr* (order considering petn. concurrently with appeal filed Aug. 27, 2020, B307143).) We deny the petition in a separate order filed concurrently with this opinion.

We also disagree with the Attorney General's contention that remanding for a hearing on pretrial diversion will place an unwarranted strain on the trial court's resources. As the Attorney General concedes, regardless of whether we remand for a pretrial diversion hearing, the trial court will need to hold further proceedings in the case to address our reversal of the convictions of lesser included offenses in counts 3, 4, and 5.

### C.   *Fines and Fees*

At the sentencing hearing, the trial court imposed a total of $800 in fines and fees. These included a $300 restitution fine (§ 1202.4, subd. (b)), a $280 court operations assessment (§ 1465.8, subd. (a)(1)), a $210 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)), and a $10 crime prevention fine (§ 1202.5, subd. (a)).[3] Starr's attorney did not object to these fines and fees at the sentencing hearing, but he now contends under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168–1172 (*Dueñas*) that the trial court violated his due process rights by imposing the fines and fees without considering whether he would be able to pay them.

We disagree. As we explained in detail in *People v. Caceres* (2019) 39 Cal.App.5th 917, 926–929, the imposition of fees and restitution fines does not ordinarily implicate due process or require trial courts in all cases to determine a defendant's ability to pay before imposing them. Nothing about Starr's case suggests that it involves the "extreme facts" (*id.* at p. 923) in

---

[3] The court also imposed a $300 parole revocation restitution fine pursuant to section 1202.45, but that fine is suspended and would only be imposed if Starr is released on parole and his parole is subsequently revoked.

13

which due process claims might be involved. Because Starr's claim fails on the merits, we need not decide whether he forfeited it by failing to object to the imposition of the fines and fees.

Nevertheless, if the trial court rejects Starr's request for pretrial diversion and reinstates his convictions on counts 1, 2, 6, and 7, the court will be required at a minimum to recalculate the fees under section 1465.8 and Government Code section 70373, which apply once for each conviction. Nothing in this opinion prevents Starr from objecting to the imposition of all the fines and fees at that time.

## DISPOSITION

Starr's convictions for kidnapping and carjacking (counts 3, 4, and 5) are reversed. His remaining convictions are conditionally reversed pending the outcome of a hearing regarding Starr's request for pretrial diversion under Penal Code section 1001.36.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

FEDERMAN, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.