Filed 11/30/22  P. v. Jimenez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>DAVID JIMENEZ,<br><br>      Defendant and Appellant. | B322505<br><br>(Madera County Super. Ct. No. MCR064122) |

APPEAL from a judgment of the Superior Court of Madera County, Ernest J. LiCalsi, Judge.  Affirmed as modified and remanded with directions.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, R. Todd Marshall and Edrina Anderson, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Defendant David Jimenez was convicted of four counts of oral copulation or sexual penetration with a child 10 years old or younger, in violation of Penal Code[1] section 288.7, subdivision (b); one count of lewd act upon a child by use of force, in violation of section 288, subdivision (b)(1); and one count of lewd act upon a child, in violation of section 288, subdivision (a). The trial court sentenced Jimenez to an aggregate prison term of 90 years to life, which consists of consecutive terms of 15 years to life for each of the six offenses.

On appeal, it is undisputed that two of Jimenez's convictions for violating section 288.7, subdivision (b) contravene state and federal constitutional prohibitions against ex post facto laws. Applying the accusatory pleading test, we agree with the Attorney General that the correct disposition is to reduce each of the two convictions to the lesser included offense of participating in an act of sexual penetration with a minor, which is a violation of section 289, subdivision (h). We reject Jimenez's argument that the accusatory pleading test does not allow us to reduce one of those convictions to this lesser included offense. Jimenez's argument is inconsistent with the express intent of the trial court when it allowed amendment of that count by interlineation.

Furthermore, the parties agree the judgment should be modified to reflect that Jimenez is no longer liable for any portion of a $108.19 booking fee that had remained unpaid as of July 1, 2021.

Next, the Attorney General concedes the trial court erred in imposing a $1,240 fine under section 672 and a $1,230 fine under section 290.3. The parties disagree, however, as to the proper

---

[1] Undesignated statutory citations are to the Penal Code.

2

amounts of those two fines. In addition, the Attorney General claims the trial court should be afforded an opportunity to increase the section 290.3 fine to reflect the fact that Jimenez sustained multiple convictions for offenses listed in section 290, subdivision (c). We conclude the trial court was authorized to impose a $1,220 fine under section 672 and a $1,200 fine under section 290.3. We reject the Attorney General's request to order the trial court to consider increasing the fine imposed under section 290.3 because we presume the court found Jimenez could not afford such an increased fine.

For these reasons, we: (1) modify the judgment to reflect that counts 6 and 7 are violations of section 289, subdivision (h), and the aforementioned changes to the section 672 and section 290.3 fines and the booking fee; (2) affirm the judgment as so modified; and (3) remand the matter to the trial court for resentencing.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

We summarize only those facts that are pertinent to our disposition of this appeal.

---

[2] Our factual and procedural background is derived in part from admissions made in the parties' appellate briefing. (See *Williams v. Superior Court* (1964) 226 Cal.App.2d 666, 668, 674 (*Williams*) [criminal case in which the Court of Appeal stated: " 'An express concession or assertion in a brief is frequently treated as an *admission* of a legal or factual point, controlling in the disposition of the case.' "]; *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 (*Artal*) [" '[B]riefs and argument . . . are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party.' "].)

## 1. *The information*

On December 31, 2019, the People filed an information charging Jimenez with three counts of oral copulation or sexual penetration with a child 10 years old or younger, in violation of section 288.7, subdivision (b) (counts 1, 4, and 6); one count of lewd act upon a child by use of force, in violation of section 288, subdivision (b)(1) (count 2); and three counts of lewd act upon a child, in violation of section 288, subdivision (a) (counts 3, 5, and 7). The People further alleged there were multiple victims for the purposes of section 667.61, subdivisions (b) and (e).

## 2. *The trial evidence*

### A. *Jimenez's offenses against Kassandra Doe (counts 1 and 2)*

Kassandra Doe was born in October 2001. It appears that Jimenez is the former husband of Kassandra's aunt.

On one occasion when Kassandra was between the ages of seven and 10, she and her family visited Jimenez's home.[3] At one point during the visit, Jimenez put his hands into Kassandra's pants and touched her clitoris for approximately one minute.

On more than one occasion after this incident, Jimenez picked Kassandra up and rubbed her vagina over her clothing in a circular motion. Jimenez concedes the trial evidence showed that "[o]n at least one occasion, Kassandra tried to push [him] away."

---

[3] Jimenez asserts Kassandra was between the ages of seven and 10 on this occasion, whereas the Attorney General asserts she was "approximately seven or eight years old . . . ." This discrepancy has no impact on our disposition of this appeal.

B.  *Jimenez's offenses against Maryann Doe (counts 4 and 5)*

Maryann Doe was born in October 2003.  On the date of the incident described below, Jimenez was Maryann's godfather.

In 2008, Maryann was at Jimenez's home for a family gathering.  After Maryann started to fall asleep on a couch in the living room, Jimenez offered to let Maryann sleep in his room.  Jimenez then led Maryann to his room.  Next, Maryann laid down, and Jimenez pulled her pants and underwear down.  Jimenez admits that evidence introduced at trial showed "he rubbed her vagina with one hand and then kissed her vagina's exterior . . . ."

C.  *Jimenez's offenses against Maria Doe (counts 6 and 7)*

Maria Doe was born in October 1996.  It appears that Jimenez is the former husband of Maria's aunt.

When Maria was four or five years old, she was playing outside in the backyard of her family's home.  Jimenez called out to Maria.  Maria approached Jimenez, and Jimenez lifted her off the ground.  Jimenez concedes the trial evidence shows that, "[w]ith the fingers of his right hand, [Jimenez] touched [Maria's] vagina skin to skin for one to two minutes."  Jimenez then put Maria back down, and she continued to play.

The next incident occurred at Jimenez's home when Maria was approximately six years old.  On that occasion, Maria was playing outside with her sister and cousins.  Jimenez picked Maria up and rubbed her vagina for several minutes.  Jimenez put Maria back down, and she continued to play.

On each of these two occasions, Jimenez touched the inner lips of Maria's vagina.

3. ***The trial court's dismissal of count 3 and amendments to counts 6 and 7, the jury's verdict, the court's sentence, and Jimenez's notice of appeal***

Near the conclusion of the trial, the trial court granted Jimenez's motion to dismiss count 3. Additionally, the court granted the People's requests to amend: (1) count 7 to reflect that Jimenez violated section 288.7, subdivision (b); (2) count 6 to allege the offense was committed between October 3, 2000 and October 2, 2002; and (3) count 7 to allege the offense was committed between October 3, 2002 and October 2, 2003.

The jury thereafter found Jimenez guilty on counts 1, 2, 4, 5, 6, and 7. The jury also found the multiple victim allegation to be true.

On January 25, 2021, the trial court sentenced Jimenez to an aggregate prison term of 90 years to life, which is comprised of consecutive terms of 15 years to life imposed for each of the six convictions. The court also ordered Jimenez to pay various fines and fees, several of which we address in Discussion, parts B–C, *post*.

On February 1, 2021, Jimenez appealed the judgment.

## DISCUSSION

**A. We Agree with the Parties that Jimenez's Convictions for Counts 6 and 7 Violate the Constitutional Prohibitions Against Ex Post Facto Laws, and We Reduce Each of These Convictions to the Lesser Included Offense of a Violation of Section 289, Subdivision (h)**

Count 6 alleged that Jimenez violated section 288.7, subdivision (b) against Maria Doe at some point between

6

October 3, 2000 and October 2, 2002.  Similarly, count 7 alleged that Jimenez violated section 288.7, subdivision (b) against Maria Doe at some point between October 3, 2002 and October 2, 2003.  Yet, "[s]ection 288.7 was enacted in *2006* and became effective on *September 20 of that year*."  (*People v. Rojas* (2015) 237 Cal.App.4th 1298, 1306, italics added.)  The parties concede, and we agree, that Jimenez's convictions on counts 6 and 7 thus violate the state and federal constitutional prohibitions on ex post facto laws.  (See *Rojas*, at p. 1306 ["[A]ny application of section 288.7 to conduct that occurred prior to September 20, 2006, is a violation of the state and federal ex post facto clauses."].)

The parties disagree, however, on the proper remedy for this constitutional violation.  In his opening brief, Jimenez maintains "[t]he judgment as to counts six and seven should . . . be reversed with an order to the trial court that a retrial is barred."  The Attorney General instead "asks this Court to modify [Jimenez's] section 288.7 convictions to the lesser included offense of sexual penetration of a minor (§ 289, subd. (h))."  In his reply brief, Jimenez "disagrees with [the Attorney General's] argument in part":  "He submits that, as to count seven, the judgment must be vacated in its entirety and that any reduction of his conviction . . . would be improper."  For the reasons discussed below, we modify counts 6 and 7 to reflect that Jimenez violated section 289, subdivision (h).

"When a conviction is contrary to law, but the evidence shows that a defendant is guilty of a lesser included offense, a court can reduce the conviction to the lesser included offense and affirm the judgment as modified."  (*People v. Eagle* (2016) 246 Cal.App.4th 275, 279, citing, inter alia, § 1260 ["The court

7

may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed."].)

"There are two tests for determining whether an uncharged crime is a lesser included offense. 'Under the elements test, a court determines whether, as a matter of law, the statutory definition of the greater offense necessarily includes the lesser offense.' [Citation.] This test is satisfied if ' "all legal elements of the lesser offense are also elements of the greater." ' [Citation.] 'Under the accusatory pleading test, a court reviews the accusatory pleading to determine whether the facts actually alleged include all of the elements of the uncharged lesser offense; if it does, then the latter is necessarily included in the former.' [Citations.]" (*People v. Alvarez* (2019) 32 Cal.App.5th 781, 786.) " '[T]he accusatory pleading test . . . applies in determining whether a defendant received *notice* of the charges against him in order to have a reasonable opportunity to prepare and present his defense.' [Citation.]" (*People v. Abrahamian* (2020) 45 Cal.App.5th 314, 334.)

Section 288.7, subdivision (b) provides: "Any person 18 years of age or older who engages in oral copulation or sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life." (§ 288.7, subd. (b).)

Section 289, subdivision (h) states in pertinent part: "[A]ny person who participates in an act of sexual penetration with another person who is under 18 years of age shall be punished by imprisonment in the state prison or in a county jail for a period of not more than one year." (§ 289, subd. (h).) In turn, section 289,

8

subdivision (k)(1) defines " '[s]exual penetration' " as "the act of causing the penetration, however slight, of the genital or anal opening of any person or causing another person to so penetrate the defendant's or another person's genital or anal opening for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object." (*Id.*, subd. (k)(1).)  Subparagraph (k)(2) provides that " '[f]oreign object, substance, instrument, or device' shall include any part of the body, except a sexual organ." (§ 289, subd. (k)(2).)[4]

The Attorney General argues:  "Because [Jimenez] violated section 288.7, subdivision (b), by engaging in sexual penetration of Maria Doe, who was under 10 years old at all relevant times, it follows that [Jimenez] violated section 289, subdivision (h), which prohibits engaging in sexual penetration of any person under the age of 18.  Thus, [a] violation of section 289, subdivision (h), is a

---

[4] This version of section 289, subdivisions (h), (k)(1), and (k)(2) were in effect during the timeframe in which Jimenez perpetrated counts 6 and 7, except that the article "the" (instead of "a") preceded the term "county jail" in the versions of subdivision (h) that were applicable from October 3, 2000 to October 2, 2003; and, at the beginning of the relevant timeframe, subdivision (k)(1) used the plural noun "openings" instead of the singular noun "opening." (See Stats. 1999, ch. 706, §§ 5, 21 [amending § 289, subds. (h), (k)(1), and (k)(2) to read as those provisions did at the beginning of the relevant timeframe, and providing that the amendments immediately went into effect]; Stats. 2002, ch. 302, § 5 [retaining the 1999 amendments to § 289, subds. (h) and (k)(2), and changing "openings" to "opening" in subd. (k)(1)]; Stats. 2002, ch. 787, § 9 [same].)

lesser included offense of counts 6 and 7 for violation of section 288.7, subdivision (b)."

Jimenez counters that "[t]he statutory elements test does not constitute a basis by which this Court may reduce count seven to a lesser offense" because, "[w]hile section 288.7, subdivision (b), criminalizes both oral copulation as well as sexual penetration, section 289, subdivision (h), only criminalizes the latter conduct." He further argues that "[t]he application of the accusatory pleading test does not compel a different result," given that, "[w]hile the information as to count seven was modified by interlineation to include a violation of section 288.7, subdivision (b), the rest of the pleading merely states that [Jimenez] 'did willfully, unlawfully, and lewdly commit a lewd and lascivious act upon and with the body and certain parts and members thereof of Maria Doe, a child under the age of fourteen years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of said defendant . . . .' " Jimenez insists "[t]his pleading gave [him] no notice that if he committed a violation of section 288.7, subdivision (b), he would necessarily be committing a violation of section 289, subdivision (h)."

We reject Jimenez's assertion that his conviction on count 7 cannot be reduced to a violation of section 289, subdivision (h) under the accusatory pleading test. Near the conclusion of the trial, the People orally "move[d] to amend the Information as to Count 7 to make it a violation of Penal Code section 288.7, subdivision (b), which would be penetration of a child 10 years or under." Although Jimenez opposed the People's motion, he did not offer any argument in support of that position. The trial court thereafter remarked: "I think the proof did show a

10

violation of . . . section 288.7, subdivision (b), so the motion is granted to conform to proof as to Count 7."[5]

In support of his argument that we may not reduce count 7 to a violation of section 289, subdivision (h), Jimenez cites the copy of the information included in the clerk's transcript that the trial court interlineated to provide that Jimenez perpetrated count 7 on or about "October 3, 2002 to October 2, 2003 . . . ." The quoted material from the clerk's transcript on which Jimenez relies shows that the version of count 7 included in that clerk's transcript alleged the elements of lewd act upon a child in violation of section 288, subdivision (a), which is the offense that count 7 had initially charged Jimenez with perpetrating.[6] Yet, as

---

[5] Although Jimenez argues on appeal that his conviction on count 7 violates the constitutional prohibitions against ex post facto laws, he does not challenge specifically the trial court's oral ruling amending count 7 to charge him with violating section 288.7, subdivision (b) (e.g., by claiming the amendment was unsupported by the trial evidence).

[6] Recall that in his reply brief, Jimenez claims the amended version of count 7 alleged: "[Jimenez] 'did willfully, unlawfully, and lewdly commit a lewd and lascivious act upon and with the body and certain parts and members thereof of Maria Doe, a child under the age of fourteen years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of said defendant . . . .' " Similarly, section 288, subdivision (a) provides in pertinent part: "[A] person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ." (§ 288, subd. (a).)

we observed in the immediately preceding paragraph, the trial court expressed its intention to amend that charge to be a violation of section 288.7, subdivision (b), which has different elements from those of section 288, subdivision (a).[7]

Thus, if we concluded that the interlineated version of count 7 found in the clerk's transcript controls, then we would be nullifying the court's oral ruling granting the People's motion to amend that charge. To effectuate the trial court's explicit intent, we instead rely on the portion of the reporter's transcript described earlier in this section, wherein the court amended count 7 of the information to reflect that Jimenez was charged with engaging in sexual penetration with a child 10 years or younger in violation of section 288.7, subdivision (b). (See *People v. Smith* (1983) 33 Cal.3d 596, 599 [" '[A]s a general rule . . . when . . . the record is in conflict it will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence [citation].' "]; *People v. Pettie* (2017) 16 Cal.App.5th 23, 82 ["Oral amendment of an accusatory pleading may suffice for statutory and due process purposes. [Citation.] . . . 'California law does not attach any talismanic significance to the existence of a written information.' "].)

This conclusion is further supported by the verdict for count 7, which shows the jury found Jimenez "***guilty*** of Sexual Penetration with a Child 10 Years Old or Younger upon Maria Doe, a felony violation of section 288.7(b)"; the jury did not find that Jimenez engaged in oral copulation with Maria Doe or that

---

[7] (Compare § 288, subd. (a) [quoted in fn. 6, *ante*], with § 288.7, subd. (b) [quoted earlier in this section].)

he committed a lewd act upon her.  Jimenez does not claim this verdict form failed to reflect accurately the charge leveled by count 7.

Accordingly, we conclude count 7 alleged that Jimenez violated section 288.7, subdivision (b) by engaging in sexual penetration with a child who was 10 years of age or younger.  As we explained earlier in this section, section 289, subdivision (h) penalizes "any person who participates in an act of sexual penetration with another person who is under 18 years of age" (see § 289, subd. (h)), and section 288.7, subdivision (b) and section 289, subdivision (h) both employ the same definition for "sexual penetration."  (See § 288.7, subd. (b) [criminalizing "sexual penetration, *as defined in Section 289*," italics added]; § 289, subd. (k)(1) [defining " '[s]exual penetration' " for the purposes of § 289].)  It follows that under the accusatory pleading test, a violation of section 289, subdivision (h) is a lesser included offense of count 7.

In his reply brief, Jimenez raises no objection to the Attorney General's assertion that count 6 should be modified to participating in an act of sexual penetration with a minor in violation of section 289, subdivision (h).  For that reason alone, we may utilize the Attorney General's recommended disposition vis-à-vis count 6.[8]  In addition, although count 6 of the

---

**8**  (See *Reygoza v. Superior Court* (1991) 230 Cal.App.3d 514, 519 & fn. 4 (*Reygoza*) [criminal case in which the Court of Appeal assumed that an assertion made by respondent was correct because the "defendant did not dispute respondent's claim in his reply"]; *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90 (*Rudick*) [concluding that the appellants made an implicit concession by "failing to

information alleged Jimenez "engage[d] in oral copulation *and* sexual penetration . . . with Maria Doe, a child who was 10 years of age and younger [*sic*]" (italics added), the verdict for count 6 shows the People charged Jimenez with only "*Sexual Penetration with a Child 10 Years Old or Younger*[,] . . . a felony violation of section 288.7(b) . . . ." (Italics added.) Jimenez does not claim this verdict failed to correctly identify the allegations made in count 6. Consequently, we find the conduct proscribed by section 289, subdivision (h) constitutes a lesser included offense of count 6 under the accusatory pleading test.

For the foregoing reasons, we modify Jimenez's convictions on counts 6 and 7 to reflect that the jury convicted him of violating section 289, subdivision (h). The parties agree we should remand this matter to the trial court for resentencing. (See *Williams*, *supra*, 226 Cal.App.2d at pp. 668, 674 [holding that a reviewing court may construe a statement in a brief as an admission against the party making it]; *Artal*, *supra*, 111 Cal.App.4th at p. 275, fn. 2 [same].)

## B.     We Vacate Any Portion of the $108.19 Booking Fee Remaining Unpaid as of July 1, 2021

At the sentencing hearing held on January 25, 2021, the trial court imposed a booking fee of $108.19 pursuant to Government Code section 29550.2. On September 18, 2020, the Legislature enacted Assembly Bill No. 1869, which added, inter alia, Government Code section 6111. (Stats. 2020, ch. 92, § 11.) Government Code section 6111, subdivision (a) provides: "On and after July 1, 2021, the unpaid balance of any court-imposed

---

respond in their reply brief to the [respondent's] argument on th[at] point"].)

costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).) In turn, subdivision (b) states: "This section shall become operative on July 1, 2021." (*Id.*, subd. (b).)

In his opening brief, Jimenez argues we "should order the trial court to amend the abstract of judgment . . . as well the minute order th[at] memorializes the judgment to strike the [$108.19] fee and to vacate any order that authorizes the collection of the same." In the respondent's brief, the Attorney General concedes Jimenez "is no longer responsible for *any unpaid balance of the booking fee* imposed by the trial court," but insists that Jimenez "may not recoup any portion of that fee [he] paid before July 1, 2021." (Italics added; boldface & capitalization omitted.) The Attorney General claims that, "instead of striking the fee in its entirety this Court should vacate any portion of it that remains unpaid" as of July 1, 2021. In his reply, Jimenez states he "does not object to [the Attorney General's] analysis" on this issue, and asks that, "[b]y means of an order that is retroactive to July 1, 2021, this Court . . . strike the unpaid balance of the $108.19 booking fee . . . ."

In light of the parties' concessions, we vacate any portion of the $108.19 booking fee that remains unpaid as of July 1, 2021.**9**

---

**9** The proper remedy is to vacate—rather than strike—this aspect of the judgment. (See *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 948–950, 953–954 [modifying the judgment to vacate the portion of a fee that Gov. Code, § 6111 had rendered unenforceable and uncollectible].)

15

(See *Williams, supra*, 226 Cal.App.2d at pp. 668, 674; *Artal, supra*, 111 Cal.App.4th at p. 275, fn. 2.)

**C.  We Reduce the Section 672 Fine from $1,240 to $1,220 and the Section 290.3 Fine from $1,230 to $1,200**

The trial court ordered Jimenez to pay a fine of $1,240 under section 672, which includes a base fine of $200 and a fine of $80 pursuant to Government Code section 76104.7 (i.e., 40 percent of the base fine).  The court further ordered Jimenez to pay a fine of $1,230 under section 290.3, which includes a base fine of $300 and a fine of $120 pursuant to Government Code section 76104.7 (i.e., 40 percent of the base fine).

The parties agree the court erred in imposing each of the two Government Code section 76104.7 fines because when Jimenez perpetrated the most recent of the charged offenses, that statute did not authorize a fee amounting to 40 percent of the applicable base fine.  The Attorney General argues the operative version of Government Code section 76104.7 permitted the trial court to order Jimenez to pay $60 as part of the section 672 fine and $90 as part of the section 290.3 fine, whereas Jimenez claims the proper amounts were $20 and $30, respectively.

Furthermore, the Attorney General argues we should give the trial court an opportunity to impose a fine under section 290.3 that is greater than $1,230 because Jimenez "was convicted of more than one offense specified in section 290, subdivision (c)," meaning he is "subject to a fine of $500, not $300, 'upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine.' " (Quoting § 290.3, subd. (a).)  Jimenez disagrees, arguing that we should presume the trial court already implicitly

16

found that he "lacked the ability to pay a base fine [under section 290.3] greater than" $300.

For the reasons discussed below, we conclude the operative version of Government Code section 76104.7 authorized fines of $60 and $90, respectively, and that the trial court may not increase the section 290.3 fine upon remand.

According to the information, Jimenez's most recent offenses are counts 1 and 2, both of which Jimenez perpetrated "[o]n or between October 11, 2009 and October 10, 2010." The Attorney General identifies October 10, 2010 as the relevant date for determining which version of Government Code section 76104.7 applies. In his reply, Jimenez does not claim we should use a different date for our analysis (e.g., because the trial evidence showed an earlier date is proper).[10] Accordingly, we assume for the purposes of this appeal that Jimenez was obligated to pay the amounts due under the statute as it read on October 10, 2010. (See *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 ["Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and *it is the appellant's burden to affirmatively*

_____

[10] In his opening brief, Jimenez asserts he "committed his criminal conduct no earlier than *September 1, 2008* and no later than October 10, 2010." (Italics added.) He seems to rely on counts 4 and 5 for the proposition that he committed the instant offenses no earlier than September 1, 2008, given that counts 4 and 5 charged Jimenez with perpetrating the offenses specified therein "[o]n or between September 1, 2008 and November 1, 2008." Absent from Jimenez's opening brief is any argument that we cannot rely upon the version of Government Code section 76104.7 that was operative on October 10, 2010 to determine the fines owed.

*demonstrate error*," italics added]; *Reygoza, supra*, 230 Cal.App.3d at p. 519 & fn. 4; *Rudick, supra*, 41 Cal.App.5th at pp. 89–90.)

From June 10, 2010 to June 26, 2012, Government Code section 76104.7 imposed a penalty of " 'three dollars ($3) for every ten dollars ($10)' or fraction thereof' " " 'upon every fine, penalty, or forfeiture imposed and collected by courts for criminal offenses . . . .' [Citation.]" (See *People v. Hamed* (2013) 221 Cal.App.4th 928, 933, fn. 2 (*Hamed*).) Although Jimenez intimates that Government Code section 76104.7 did not utilize this formula until the Legislature had amended the statute in 2011, he is mistaken.[11] That formula yields a $60 fine to be added to the section 672 base fine (i.e., 30 percent of $200), and a $90 fine to be added to the section 290.3 base fine (i.e., 30 percent of $300).

Next, we address the Attorney General's claim that we should remand the matter to the trial court to allow it to determine whether to increase the section 290.3 fine to reflect the fact that Jimenez was convicted of more than one offense specified in section 290, subdivision (c). Section 290.3, subdivision (a) provides in pertinent part: "Every person who is convicted of any offense specified in subdivision (c) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for commission of the underlying offense, be punished by a fine of three hundred dollars ($300) upon the first conviction or a fine of

---

[11] (See Stats. 2009–2010, 8th Ex. Sess., ch. 3, § 1 [amending the statute to include this formula]; *Hamed, supra*, 221 Cal.App.4th at p. 933, fn. 2 [noting that this amendment from the 2009–2010 8th extraordinary session became effective on June 10, 2010].)

18

five hundred dollars ($500) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine." (§ 290.3, subd. (a).)

In a factual context that is nearly indistinguishable from the instant case, Division Five disposed of the same argument that the Attorney General raises here: "The trial court in this case imposed a sex offender fine for only one conviction. It did not state why it imposed no fines for defendant's other two convictions. The People did not object in the trial court to the trial court's failure to impose the additional fines. [Citations.] Accordingly, we must presume that the trial court determined that defendant does not have the ability to pay the two additional $500 fines. On remand, the trial court shall not impose any fines for the second and third convictions pursuant to section 290.3." (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1371 (*Walz*).)

At the sentencing hearing, the trial court imposed only the $300 section 290.3 base fine; the court did not state why it decided not to impose one or more $500 fines on account of Jimenez's multiple convictions for offenses identified in section 290, subdivision (c);[12] and the People did not object at the sentencing hearing to the court's failure to impose those additional fines. Given the circumstances, we presume the

_____

[12] As we noted in Factual and Procedural Background, parts 1 and 3, *ante*, aside from counts 6 and 7 (which we are reducing to violations of section 289, subdivision (h)), Jimenez was convicted of two counts of violating section 288.7, subdivision (b); one count of violating section 288, subdivision (a); and one count of violating section 288, subdivision (b)(1). All of those offenses are listed in section 290, subdivision (c). (See § 290, subd. (c)(1).)

trial court determined that Jimenez did not have the ability to pay the additional $500 fines, and we thus do not afford the court an opportunity to impose additional section 290.3 fines upon remand. (See *Walz*, *supra*, 160 Cal.App.4th at p. 1371.)

In light of the foregoing, we reduce the total section 672 fine from $1,240 to $1,220 (i.e., the Gov. Code, § 76104.7 fine is reduced from $80 to $60), and we reduce the total section 290.3 fine from $1,230 to $1,200 (i.e., the Gov. Code, § 76104.7 fine is reduced from $120 to $90).

# DISPOSITION

The judgment is modified as follows: (1) As to count 6, defendant David Jimenez is convicted of participating in an act of sexual penetration with a minor within the meaning of Penal Code section 289, subdivision (h); (2) as to count 7, Jimenez is convicted of participating in an act of sexual penetration with a minor within the meaning of Penal Code section 289, subdivision (h); (3) we vacate any portion of the $108.19 booking fee imposed pursuant to Government Code section 29550.2 that remained unpaid as of July 1, 2021; (4) the fine imposed pursuant to Penal Code section 672 is reduced from $1,240 to $1,220; and (5) the fine imposed pursuant to Penal Code section 290.3 is reduced from $1,230 to $1,200. As modified, the judgment is affirmed. We remand this matter to the trial court for resentencing.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

CHANEY, J.                    WEINGART, J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.