Filed 12/7/23  P. v. Harms CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C096383 |
| v. | (Super. Ct. No. 19FE020222) |
| GREGORY ALLEN HARMS, | |
| Defendant and Appellant. | |

A jury convicted defendant Gregory Allen Harms of sexual penetration with force or violence, unlawful assault with intent to commit rape, and unlawful sexual penetration after administration of an anesthetic, based on his sexual assault of two women, C. and Y., on different occasions while he was assigned to care for them as a nurse.  The trial court sentenced him to state prison for a determinate term of 14 years and an indeterminate term of 15 years to life.

Defendant now contends (1) the trial court should have instructed the jury on sexual battery as a lesser included offense, and (2) the jury and not the trial court should have determined whether the crimes alleged in counts 1 and 2 occurred on separate occasions for the purposes of sentencing.  Finding no merit in the contentions, we will affirm the judgment.

BACKGROUND

A

As the result of a car accident, C. was hospitalized with serious injuries. She had a breathing tube and a traumatic brain injury. In January 2019, defendant was assigned to care for her as her nurse. On one occasion he told her she was "not being a good girl," closed the curtain around her bed, flipped her on her stomach, and inserted his finger into her vagina at least 10 times. He repeatedly called her a "bad girl" and rubbed his crotch area against her buttocks and back. He flipped C. over so she was lying on her back and continued to insert his finger into her vagina. He tried to insert his penis into her vagina but he was unsuccessful. During the assault defendant bound C.'s wrist to the bed with an elastic therapy band. After five minutes, he stopped and rearranged C. in her bed.

Soon after, another health care provider entered C.'s room and C. informed the provider about the assault. Later that day, a physician performed a sexual assault examination on C. During the exam, C. complained of anal pain, and the examining physician noticed an actively bleeding laceration on C.'s anus. C.'s genitals appeared normal, but the physician testified this is not unusual even when a sexual assault has occurred. A swab of C.'s pubic area found DNA that was likely defendant's.

B

In March 2011, Y. had surgery at a local surgery center and defendant was one of the nurses assigned to care for her. She awoke after the surgery when she felt a finger in her vagina. She fell back asleep but awoke again feeling a mouth on her lips. She tried to push the person away, whom she thought was defendant, and fell back asleep. When she woke up fully, her hospital gown was pulled up to her midsection and her underwear was rolled up and misaligned. Defendant escorted her to the bathroom so she could get dressed. He stood outside and offered help, but she refused.

2

When Y. left the recovery area, she went to the front office and told the receptionists what happened.  She reported the incident to the police and identified defendant to a detective.

C

The jury found defendant guilty of penetration of C. with force or violence (Pen. Code, § 289, subd. (a)(1)[1] -- count 1), unlawful assault of C. with intent to commit rape (§ 220, subd. (a) -- count 2), and unlawful penetration of Y.'s genitals after Y. was administered an intoxicating substance or anesthetic or controlled substance (§ 289, subd. (e) -- count 6).[2]  As to count 1, the jury found true that defendant engaged in the tying or binding of C. during the offense.  (§ 667.61, subd. (e)(5).)  As to each count, the jury found true that the offense involved great bodily harm or other acts disclosing a high degree of cruelty, viciousness, or callousness (§ 1170; Cal. Rules of Court, rule 4.421(a)(1)),[3] that the offense involved a particularly vulnerable victim (§ 1170; rule 4.421(a)(3)), that the crime was carried out with planning, sophistication, or professionalism (§ 1170; rule 4.421(a)(8)), and that defendant took advantage of a position of trust or confidence (§ 1170; rule 4.421(a)(11)).  The jury further found true that the crimes involved multiple victims on separate occasions (§ 667.6, subd. (d); rule 4.426(a)(1), (a)(2), (b)) and were committed at different times and separate places (rule 4.425(a)(1)-(a)(3)).

The trial court sentenced defendant as follows:  15 years to life in prison on the count 1 conviction of penetration by force or violence (§§ 289, subd. (a), 667.61,

---

[1] Undesignated statutory references are to the Penal Code.

[2] The jury could not reach a verdict on three counts involving a third alleged victim and the trial court dismissed the counts, which are not at issue here.

[3] Undesignated rule references are to the California Rules of Court.

3

subd. (e)(5)), a consecutive upper term of eight years on the count 6 conviction of unlawful penetration after administration of an anesthetic (§ 289, subd. (e)), and a consecutive six years on the count 2 conviction of unlawful assault with intent to commit rape (§§ 220, 667.6, subd. (d)). The trial court said it was not limited by section 654 with respect to count 2 because that offense was a separate crime and a separate time. (Rule 4.425(a)(1)-(a)(3).)

DISCUSSION

I

Defendant contends the trial court erred in failing to instruct the jury sua sponte on sexual battery, which he contends is a lesser included offense of forcible sexual penetration. In support of his argument, defendant relies on the expanded accusatory pleading test announced in *People v. Ortega* (2015) 240 Cal.App.4th 956 (*Ortega*). In the alternative, defendant argues his constitutional rights were violated by the failure to give the instruction, and his counsel was ineffective in failing to request such an instruction.

A trial court "has a sua sponte duty to instruct on all elements of an offense and on the general principles of law governing a case." (*People v. Singh* (2019) 42 Cal.App.5th 175, 183.) This duty includes " 'instruct[ing] on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser.' " (*People v. Alvarez* (2019) 32 Cal.App.5th 781, 786 (*Alvarez*).)

"There are two tests for determining whether an uncharged crime is a lesser included offense. 'Under the elements test, a court determines whether, as a matter of law, the statutory definition of the greater offense necessarily includes the lesser offense.' [Citation.] This test is satisfied if ' "all legal elements of the lesser offense are also elements of the greater." ' [Citation.] 'Under the accusatory pleading test, a court reviews the accusatory pleading to determine whether the facts actually alleged include

4

all of the elements of the uncharged lesser offense; if it does, then the latter is necessarily included in the former.' " (*Alvarez, supra*, 32 Cal.App.5th at p. 786.)

Sexual battery is not a lesser included offense of forcible sexual penetration under the elements test because the forcible penetration statute and the sexual battery statute encompass different types of contact. While the forcible penetration statute encompasses contact by "any foreign object," the sexual battery statute only encompasses touching by the offender's body. (§§ 289, subd. (k)(1), 243.4; see also *Ortega, supra*, 240 Cal.App.4th at p. 967.)

As for the accusatory pleading test, here the pleading tracked the statutory language of section 289, subdivision (a)(1) and alleged that defendant "did unlawfully cause the penetration of the genital opening of [C.], for the purpose of sexual arousal, gratification, and abuse by a foreign object, substance, instrument and device, and by an unknown object, accomplished by force, violence, duress, menace and fear of immediate and unlawful bodily injury on the victim."[4] When "the accusatory pleading incorporates the statutory definition of the charged offense without referring to the particular facts, a reviewing court must rely on the statutory elements to determine if there is a lesser included offense." (*People v. Robinson* (2016) 63 Cal.4th 200, 207.)

Defendant nevertheless relies on *Ortega* and urges us to look beyond the accusatory pleading. Like here, the defendant in *Ortega* was charged with forcible sexual penetration based on evidence of digital penetration. (*Ortega, supra*, 240 Cal.App.4th at pp. 960-961.) On appeal, he argued the trial court should have instructed jurors that sexual battery was a lesser included offense of forcible sexual penetration. According to

---

**4** Section 289, subdivision (a)(1)(A) provides: "Any person who commits an act of sexual penetration when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person shall be punished by imprisonment in the state prison for three, six, or eight years."

the defendant, although it was not a lesser included offense under the elements test, it was such under an "expanded accusatory pleading test." (*Id.* at p. 967.) The appellate court agreed that the "accusatory pleading cannot be examined in isolation" and found that it also must consider the evidence adduced during the preliminary hearing, which would have indicated that defendant was only being charged with forcible sexual penetration based on his unlawful touching of the victim with his finger. (*Id.* at pp. 968-969.) According to the appellate court, this expanded analysis comported with a defendant's due process rights because he "cannot be prosecuted for an offense not shown at the preliminary hearing to have been committed." (*Id.* at p. 969.)

We decline to apply an expanded accusatory pleading test. As the court explained in *Alvarez*, the California Supreme Court made clear in *People v. Montoya* (2004) 33 Cal.4th 1031, 1036, that we consider only the pleading for the greater offense when analyzing the accusatory pleading test. (*Alvarez, supra*, 32 Cal.App.5th at p. 787; see also *People v. Smith* (2013) 57 Cal.4th 232, 244 [further noting the test "does not require or depend on an examination of the evidence adduced at trial"].) Other appellate courts have agreed with *Alvarez* and disagreed with *Ortega*. (*People v. Macias* (2018) 26 Cal.App.5th 957, 964 [rejecting *Ortega* as contrary to *Montoya*]; *People v. Munoz* (2019) 31 Cal.App.5th 143, 156-158 [accord].)

Defendant's contentions, including that his counsel was ineffective in this regard, are without merit. (See *People v. Price* (1991) 1 Cal.4th 324, 387 [no ineffective assistance where a reasonably competent attorney might well have determined that an objection would have been futile in light of existing precedent].)

## II

Defendant also contends the jury and not the trial court should have determined whether the crimes alleged in counts 1 and 2 occurred on separate occasions for the purposes of sentencing. Specifically, he claims the trial court violated his Sixth Amendment rights and engaged in improper judicial factfinding under *Aprendi v. New*

6

*Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Aprendi*) when it found that defendant's crimes were committed on separate occasions within the meaning of section 667.6, subdivision (d) and proceeded to impose a consecutive sentence on count 2.

After defendant filed his opening brief, the California Supreme Court explained that "the rule of *Aprendi* and [*Alleyne v. United States* (2013) 570 U.S. 99 [186 L.Ed.2d 314]] does not apply to section 667.6[, subdivision ](d)." (*People v. Catarino* (2023) 14 Cal.5th 748, 750.) In other words, section 667.6, subdivision (d) does not violate the Sixth Amendment in requiring that a sentencing court impose full, separate, and consecutive terms for certain sex crimes if it finds certain facts. (*Catarino*, at p. 750.)

Defendant's arguments lack merit.

DISPOSITION

The judgment is affirmed.

      /S/              
MAURO, Acting P. J.

We concur:

     /S/             
RENNER, J.

     /S/             
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.